### UNITED STATES v. BOSTICK (JACKSON, Intervener).

(District Court, D. Arizona. April 20, 1923.)

No. C–1872.

1. **Intoxicating liquors ⬅251—Conditional seller of automobile used in transporting liquors must show more than want of knowledge to prevent sale.**

Under National Prohibition Law, tit. 2, § 26, authorizing sale of property seized for violation of the act, unless good cause to the contrary is shown by the owners, and requiring the payment of all liens which are established as bona fide and created without the lienor having notice of the unlawful use of the vehicle, one who claims ownership of an automobile used for unlawful transportation of liquor on the ground of reserved title under a conditional sale contract must establish more than mere want of knowledge of the use to which the automobile was put in order to prevent the sale, since the act clearly distinguished between one claiming as owner, who can control the use, and a lien claimant, who cannot.

2. **Intoxicating liquors ⬅251—Court has discretion to determine what is good cause entitling owner to prevent sale of automobile.**

National Prohibition Act, tit. 2, § 26, gives to the court discretion to determine what is good cause shown by the owner of an automobile used by another in transporting intoxicating liquor sufficient to prevent the sale of the automobile.

3. **Intoxicating liquors ⬅251—Court's discretion should be exercised against owner of automobile giving unrestricted possession to another.**

The court's discretion to determine what is good cause for denying the sale of an automobile used for transporting intoxicating liquor should be exercised against the owner, who gave unrestricted possession under a conditional sale contract, and who would benefit from the forfeiture if the automobile were delivered to him; the proper method of a seller to protect himself against forfeiture being to transfer the title and take a lien back, which would be valid against the proceeds of a sale.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against J. A. Bostick, with intervention by George E. Jackson, doing business under the trade-name and style of the Southern Arizona Auto Company, claiming title to the automobile in which defendant was transporting intoxicating liquors. Petition of intervener denied, and sale of automobile ordered.

Frederick H. Bernard, U. S. Atty., of Tucson, Ariz.

Townsend, Stockton & Drake, of Phœnix, Ariz., for intervener.

DOOLING, District Judge. On April 6, 1922, George E. Jackson, intervener here, sold to J. A. Bostick an automobile for $700, receiving $150 as the first payment thereon, and retaining title to the machine until the remainder of the purchase price was paid in monthly installments, the last of which was due on September 6, 1922. The machine was delivered to Bostick on April 6th, with full dominion over it; the only restriction upon its use provided for being a condition that he should not remove the machine from the state of Arizona. On April 10th Bostick was arrested while unlawfully transporting liquor in the automobile, and, the automobile having been seized, upon Bostick's conviction, is now subject to sale by the court. Jackson, the seller, by intervention now claims the machine as owner, and asks that it, or the proceeds of the sale, be turned over to him, for the reason that he had no knowledge that the machine was used, or was to be used, in the unlawful transportation of liquor.

[1] In the case of U. S. v. Montgomery, 289 Fed. 125, recently decided in this court, it was held that one who, retaining title in himself, delivers to another upon conditional sale possession of an automobile, with absolute control and dominion over it, may not recover it from the government, after its seizure in the unlawful transportation of liquor, by showing that such transportation was without his knowledge or consent. In deciding that case the court said:

"Section 26 of the National Prohibition Law provides: 'Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, * * * and shall arrest any person in charge thereof. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale * * * shall pay all liens, according to their priority, which are established as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor.' It is to be observed that the court shall order a sale of the car 'unless good cause to the contrary is shown by the owner.' What constitutes such 'good cause' on the part of the owner is nowhere specified, but as to a lienor it is declared sufficient to show that the lien was bona fide and created without the lienor having any notice that the vehicle was being used or was to be used in the illegal transportation of liquor. The difference between the provisions applicable to owners and those applicable to lienors is significant. It is not unreasonable to suppose that Congress had in mind the fact that an owner may determine who shall have the use of a vehicle, and thus in a measure control such use, while a lienor may not, because he is at no time entitled to its possession. It seems, therefore, to me that the 'good cause' required to be shown by the owner means something more than the lack of notice of illegal use required on the part of the lienor. I am therefore of the

opinion that an owner, who while retaining title in himself delivers a car on conditional sale with power to use it in any way that the buyer may desire, cannot escape a forfeiture if the buyer use it unlawfully, by claiming that such unlawful use was without his knowledge. His remedy is not against the government by reclaiming the car, but against the buyer by collecting the remainder of the purchase price. An owner may show 'good cause' if he show that the car was taken and used without his knowledge or consent; but where he turns it over to another for a price, giving absolute control to such other, he is not in a position to show 'good cause' against a forfeiture, if the car be seized while unlawfully used in the transportation of liquor, by asserting that such use was without his knowledge. Any other construction of the statute would ignore a distinction which the law itself seems to make."

[2] To what was then said I have only this to add: When Congress provided that the owner must show "good cause," without defining what would constitute such good cause, it either intended that the trial court should have the discretion to say in each case whether "good cause" appeared, or it intended that there should be a long period of uncertainty in the application of this provision, until the meaning of the words took shape from the various decisions of the Circuit Courts of Appeal and the Supreme Court. In the case of United States v. Kane (D. C.) 273 Fed. 275 (a conditional sale), Judge Bourquin took the former view, declaring:

" 'Good cause' is a term that cannot be reduced to legal certainty, and vests discretion in the court when it has statutory authority to do a thing on good cause shown."

He also held in the same case as follows:

"Even a lienor secures no relief merely because not involved in the offense, but only when he had no knowledge, when the lien was created, that the offense was contemplated; and an owner, with more control, can justly be held to greater accountability."

[3] In either view I adhere to the decision in the Montgomery Case: (1) Because I believe the statute requires more of the owner than of the lienor; and (2) if the court has the discretion, I believe it should be exercised against those who deliver the absolute and unrestricted possession to another upon conditional sale, while retaining title so as to avoid foreclosures, and enable them without going into court to forfeit all payments already made to them.

It is to be further observed that the owner, by showing good cause, prevents the sale of the machine. It is only the lienor who can claim the proceeds after sale. So that the owner on conditional sale would have the machine returned to him, no matter how much has been paid thereon, or how little is due, and the interest of a defendant in the machine would thus be forfeited to the seller instead of to the government. Sellers may avoid the difficulties presented by this construction of the statute by transferring title and taking a lien, in which case the interest of a defendant may be forfeited to the government, and the rights of the lienor protected.

The petition of the intervener herein is therefore denied, and the automobile in question will be sold in the usual way.