UNITED STATES v. KIDD (POOLE, Intervener).

District Court, D. Idaho, S. D.   February 14, 1927.

No. 1478.

1. Intoxicating liquors ⊗⟶246—Policeman's statement to seller's agent that buyer of automobile under conditional sale contract was bootlegger held notice that property was used in illegal sale of liquor.

Policeman's statement to agent for seller of automobile under conditional sale contract that buyer was a bootlegger and that he might lose the car *held* notice to seller that property to which he had reserved title and placed in possession and control of another was being used by one engaged in the illegal sale of liquor, placing duty on him of repossessing car under his title note.

2. Intoxicating liquors ⊗⟶246—Owner's freedom from connection with offense of using car illegally will not relieve vehicle from forfeiture (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Mere freedom of owner from being connected with offense of automobile having been used illegally will not relieve vehicle from forfeiture under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm).

3. Intoxicating liquors ⊗⟶246—Owner voluntarily delivering automobile to another cannot say, as against forfeiture for unlawfully transporting liquor, that use was without his knowledge (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Where owner has voluntarily delivered possession of automobile to another, and it is seized while being used for transportation of liquor in violation of National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), he cannot say, as against a forfeiture to the government, that the use was without his knowledge, and thereby have the car escape from forfeiture, particularly where he has notice that one who was using property was engaged in illegal sale of liquor.

Prosecution by the United States against John Kidd, wherein Tom Poole, doing business as the Tom Poole Motor Company, intervened to secure the release of an automobile seized at time of defendant's arrest.

Judgment denying the petition of intervener.

H. E. Ray, U. S. Atty., and Sam S. Griffin, Asst. U. S. Atty., both of Boise, Idaho.

Rhodes & Estabrook, of Nampa, Idaho, for intervener.

CAVANAH, District Judge. The defendant, John Kidd, was arrested while unlawfully transporting intoxicating liquor in an automobile, in violation of title 2, § 26, of the National Prohibition Act (Comp. St. § 10138½mm), and the automobile was seized by the government officers at the time of his arrest. He pleaded guilty to four counts in the indictment, filed in this court, of such unlawful transportation and possession, and was sentenced to pay a fine of $500 and be imprisoned for 13 months in the federal penitentiary at McNeil's Island. It seems from the indictment that the defendant was a persistent violator of this law.

On July 29, 1926, the intervener, Tom Poole, as the Tom Poole Motor Company, sold to the defendant the automobile in controversy for $1,181.71, and entered into a contract of conditional sale, reserving title in itself until the full amount of the purchase price was paid for in monthly installments. The provision of the contract which is attached to the petition, reserving title in intervener, provides: "Title to said property shall not pass to the purchaser until all money herein agreed to be paid by the purchaser, or any judgment rendered therefor, has been paid in cash." Default was made by the buyer in making the monthly payments in the sum of $548.65, and intervener now prays for an order requiring the United States marshal to release the automobile to him, upon the payment of the costs and expenses of storage connected with the seizure. We are now dealing with an owner who voluntarily delivered possession and full control over the car to another.

It will be observed that under title 2, § 26, of the National Prohibition Law, whenever intoxicating liquor is transported illegally in an automobile, the officer shall arrest the person in charge thereof and take possession of the car, and upon conviction of the person so arrested the court shall order the car to be sold, unless "good cause to the contrary is shown by the owner," and in case of a lienor the proceeds derived from such sale shall be applied in payment of all bona fide liens which were created without the lienor having any notice that the car was being used or was to be used for illegal transportation of liquor. Only an owner,

by showing "good cause," can prevent the sale of a car; while the lienor can only claim the proceeds after sale. The statute is clear as to requiring the lienor to prove lack of notice in the car being used, or was to be used for the illegal transportation of liquor, while it is not clear in respect to ·the owner having to show "good cause."

[1] If intervener was at the time the car was seized an owner, which I am of the opinion he was, then he would come under that provision of the law requiring him to show "good cause." He asserts that he is a lienor, and did not have notice or knowledge that the car was or to be used for the illegal transportation of liquor. To determine this issue of fact, which is the only question in the case, we must refer to the agreed statement of facts presented, which discloses the above attached contract of sale containing the provision reserving title in intervener, and also the statement that, after the car had been sold to the defendant McKeith, a policeman of Nampa and a witness for the government, had a conversation with Yorder, a salesman of intervener, who sold the car to the defendant, at the police station situated across the street and in front of the garage of the Tom Poole Motor Company, where the sale transaction of the car was made, and shortly after the defendant purchased it, and before the arrest, in which McKeith informed Yorder that the defendant was a bootlegger and that he might lose his car, to which Yorder replied: "For God's sake, lay off him until he gets the car paid for."

This conversation is admitted to have taken place. It was notice to the intervener that the property to which he had reserved title, and which he had placed in the possession and control of another, was being used by one who was engaged in the illegal sale of liquor. After receiving such information from an officer of the law, it certainly became his duty, if he desired to protect his property, to have taken steps, which he had the right to do under is title note, to repossess the car, and by so doing he would have saved it from being seized by the government. One would conclude, from the reply of the agent of the intervener, that he was willing to take the chance of the car being seized by the officers, as receiving the balance of the purchase price was the only thing that concerned them.

[2, 3] The mere freedom of the owner from being connected with the offense of the car having been used illegally will not relieve the vehicle from forfeiture. He may fail to show good cause. As was said in United States v. Kane (D. C.) 273 F. 278: "An owner may assert that he is free from complicity in the illegal use, and had no notice such use was contemplated, and yet, by reason of neglect, indifference, consent, or acquiescence, manifested in advance, or condonation or ratification afterward, or other fault or inequitable conduct, he may fail to show good cause against forfeiture and sale." The agent of intervener then sanctioned and condoned the illegal use of the car, after being notified by the police officer that the one whom he had placed in possession and control of it was engaged in the illegal sale of liquor, in his failure to take the steps granted to him under the title note of preventing the defendant from unlawfully using it.

It would be "good cause" for an owner to show that the car was taken and used without his consent, but after he has voluntarily delivered possession of it to another, and it is then seized while being unlawfully used in the transportation of liquor, he cannot say as against a forfeiture to the government that the use was without his knowledge, and thereby have the car escape from forfeiture; he having full control under his contract of sale, to see that the property which he is attempting to sell is not used for unlawful purposes; and especially is that true where he has received notice of the buyer, who is using the property, being engaged in the illegal sale of liquor. United States v. Montgomery et al. (D. C.) 289 F. 125; United States v. Kane (D. C.) 273 F. 275; United States v. Bostick (D. C.) 289 F. 127.

The petition of the intervener is denied. Judgment accordingly.