## UNITED STATES v. ALLEN (COMMERCIAL CREDIT CO., Intervener).

District Court, D. Idaho, S. D. February 22, 1929.

No. 1732.

H. E. Ray, U. S. Dist. Atty., of Boise, Idaho.

Martin & Martin, of Boise, Idaho, for intervener.

CAVANAH, District Judge. The sole question presented here is whether, under title 2 of section 26 of the National Prohibition Act (27 USCA § 40), the automobile in question is subject to forfeiture, where it appears that it was sold to the defendant on a conditional contract of sale providing that the title to it should remain vested in the vendor or its assignee until the whole purchase price is fully paid, and that it was unlawfully used in the transportation of whisky by the defendant Allen without any knowledge or facts sufficient to put the vendor or its assignee upon inquiry that it was used or was to be used in violation of law. Upon the defendant Allen's conviction, the Commercial Credit Company, who had purchased all of the rights and title of the Ricks-Hudson Essex Company, the seller, under the conditional sale contract, by intervention claims the automobile as owner and asks that it be restored to it and not sold, under the admitted facts showing that it is not worth the balance due on the contract.

Allen had defaulted in making the required payments and complying with the law in the use of the car. During the latter part of October, 1928, the federal Prohibition Department at Boise notified the King Motor Company, who had no interest in the car, that Allen was using it in the transportation of whisky. Ricks, who had ceased doing business and who was connected with the Ricks-Hudson Company, was then notified by the King Motor Company of the information it had received from the department. Ricks did not know, at the time he sold the car to Allen, or at any other time, prior to the interview with the King Motor Company, that Allen was engaged in the business of dealing in intoxicating liquor, nor did the Commercial Credit Company, the intervener, have any such knowledge.

The contention of intervener requires the application of the facts here to the clause in title 2, section 26, of the act, that "the court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized." Showing good cause by the owner prevents the sale of the car, and as to what constitutes "good cause" depends upon the facts and circumstances of the particular case. Here we have the seller making the sale in good faith and without any knowledge on its part, or the intervener's part, that the car was used or was to be used for illegal purposes. The facts are identical with those in the case of Jackson v. United States (9 C. C. A.) 295 F. 620, where the court held:

"Under National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm [27 USCA § 40]), on seizure of an automobile while being used in the illegal transportation of liquor by the purchaser under a conditional contract of sale, and on his conviction, his interest in the automobile is subject to forfeiture, but the interest of the seller is not if he made the sale in good faith and had no knowledge that the car was used or was to be used for illegal purposes." Paragraph 1, syllabus.

See, also, Oakland Motor Car Co. v. United States (9 C. C. A.) 295 F. 626; Shelliday et al. v. United States (4 C. C. A.) 25 F.(2d) 372; United States v. Sylvester (D. C.) 273 F. 253.

Judge Rudkin in the cases of United States v. Smith and United States v. Carlow, 295 F. 624 (D. C.) which were cited with approval in the Jackson Case, supra, held that, under title 2, sections 21 and 26, of the National Prohibition Act (27 USCA §§ 33, 40), an owner of a car, merely showing that he had no knowledge or reason to believe that the property was used or to be used for illegal transportation of liquor, is entitled to a return of the vehicle. The sale of the car in question under the conditional sales contract, in which the seller reserved title, was made in good faith, and neither it nor its assignee had any knowledge or reason to believe that it was to be used, or was used at any time, in the illegal transportation of liquor, and clearly comes under the rule recognized by the authorities.

Attention is called to the decision of this court in the case of United States v. Kidd (Poole intervener), 19 F.(2d) 535 (D.

C.) where certain language was used which would indicate that lack of knowledge upon the part of the owner of a car is not sufficient to prevent forfeiture of the car used by a purchaser in the unlawful transportation of liquor.

While the language there used is somewhat general, yet it will be remembered that the court had before it a state of facts showing that the seller was notified by an officer of the illegal use of the car by the purchaser, and that the seller did not take any steps thereafter to prevent a continuation of such use of the car, and for that reason the conclusion was reached that "good cause" was not shown under the statute; so the general language there used should be modified, and not to be understood as applying to a state of facts as in this case.

As the facts here disclose that the car will not bring more than the claim of the vendor, and should not be sold, but restored unconditionally to the intervener, a decree may be entered accordingly.