## UNITED STATES v. BAILEY et al.

No. 6432.

District Court, D. Colorado.

July 30, 1930.

Jean Breitenstein, Asst. U. S. Dist. Atty., of Denver, Colo., for the United States.

Van Cise & Robinson and R. D. Charlton, all of Denver, Colo., for defendants.

SYMES, District Judge.

One John W. Bailey was convicted on the 16th of June, 1930, for violation of the National Prohibition Act (27 USCA). It is established that he transported liquor in the Ford coupé involved in this proceeding. The car was forfeited under section 26 of title 2 of the National Prohibition Act (27 USCA § 40) and sold. The intervener, the Protective Finance Corporation, seeks to establish a lien against the proceeds, based on a note and purchase-money mortgage on the car in the principal sum of $527. The note and mortgage were given to George Irwin, Inc., the dealer who sold the car, who in turn transferred it to the Protective Finance Corporation.

At the time the Protective Finance Corporation, assignee, took the note from Irwin, Bailey filled out a required form and answered questions as to his employment, income, etc. It sent out two letters to references given by the defendant, and received favorable answers, and it is testified that the finance company relied upon the recommendations of the dealer, Irwin. In addition, the petitioner made a careful investigation of the financial standing of Bailey, including court records, to determine whether there were judgments against him, or any facts that affected his ability to pay his debts. It also consulted the files of the retail credit association, which are used generally by merchants of Denver. It is admitted, however, that no investigation or inquiry was made to determine whether Bailey had ever been arrested or convicted.

The testimony on behalf of the government shows that Bailey had been arrested four times for violation of the liquor laws. Two of these resulted in convictions in the federal court, the first in October, 1924, the second offense giving rise to these proceedings. Mr. Kerr, former sheriff of Jefferson county, where Bailey lived, testified he had known him in that neighborhood for ten years; that he had no regular occupation. He knew of his previous arrests, having arrested him himself for violation of the state liquor laws. The government also showed that the public records of the Prohibition Department, regularly kept in Denver, and open to the public, disclosed these facts, and of course inquiry at the office of the clerk of this court would have revealed the federal conviction.

■ The authorities are somewhat in confusion on the question involved. They all agree, however, that the language of section 40, tit. 27, USCA, in reference to liens "as being bona fide and as having been created without the lienor having any notice," etc., refers to the party making the sale of the automobile and taking the paper in the first instance, and that it is the investigation or lack of investigation that the original lienor makes that is pertinent, and not what may have been done by a subsequent holder of the paper in due course. The seller of this car made no investigation, according to this record.

■ On this record I am of the opinion that the lienor, or his assignee, has not sustained the burden imposed upon him by section 26 of title 2 of the National Prohibition Act (27 USCA § 40) as a prerequisite to the estab-

lishment of a valid lien on an automobile seized under that section.

These finance companies that make a business of loaning money on automobiles are well equipped to make, and do make, a very careful investigation of the credit ratings of parties liable on automobile paper before purchasing it. The investigation includes a search of public records to ascertain if there are any unpaid judgments of record against them. They also have before them the financial and employment record of the party in question, furnished by the credit organizations. I see no hardship in requiring them, in the course of such investigations, to go one step further and investigate the criminal record, if any, of the purchaser, in so far as it is a matter of local public record.

The business of selling automobiles, and handling the paper arising from the sales is highly organized, and has assumed large proportions. Those concerned must be presumed to, and of course do, have knowledge of the provisions of section 26 of title 2 of the National Prohibition Law (27 USCA § 40) and that cars are frequently bought to be used in this illicit traffic. An investigation of records of the criminal courts imposes no additional hardship or expense, and is as much a matter of routine as the investigation of the financial rating that is always made. Business of all kinds is to-day conducted under the surveillance, or handicap, if you wish, not only of numerous statutory enactments, but of commissions, regulations, etc. It has never been argued here that they are not binding, or that their provisions can with safety be ignored. Why should such a situation as we have here be the exception? Dealers in real property must, at their peril, take notice of what an investigation of public records would disclose. Should not the same rule apply in the case at bar?

Mr. Justice Holmes in a very recent case, Danovitz v. U. S. (May 5, 1930) 281 U. S. 389, 50 S. Ct. 344, 345, 74 L. Ed. ——, states that the prohibition law "should be liberally construed to the end of this suppression, and so directs." Not to require an investigation as indicated would permit dealers to deliberately, and even corruptly, shut their eyes to facts easy of ascertainment. Section 26 was not designed to protect under such a situation. It would encourage the unscrupulous, make them aiders and abettors in the violation of the law, and place the reputable dealer under a business handicap that the law never intended; all contrary, it seems to me, to sound public policy and common sense.

The petition of intervention is denied, and exceptions allowed.