UNITED STATES v. ORTON et al.
No. 14122.

District Court, W. D. Washington, S. D.
Aug. 16, 1930.

Anthony Savage, U. S. Dist. Atty., of Seattle, Wash., and John T. McCutcheon, Asst. U. S. Dist. Atty., of Tacoma, Wash.

Jaureguy & Tooze, of Portland, Or., and R. M. Davis, of Tacoma, Wash., for intervener.

CUSHMAN, District Judge.

General Motors Acceptance Corporation intervenes, asking delivery to it of an automobile the forfeiture and sale of which is asked by the plaintiff under section 26, title 2, of the National Prohibition Act (27 USCA § 40). Under stipulation a jury was waived and the case tried by the court. Intervener has submitted findings and has moved for judgment for the automobile, or, in the alternative, if it is sold for more than the amount due intervener, for such amount.

The intervener purchased from the vendor of the automobile the conditional sales contract which it had with the vendee. The vendee's son, one of the defendants herein, has been convicted of unlawfully transporting intoxicating liquor in it. At the time of the sale of the automobile the vendor knew that the vendee named in the contract was a cripple and could not drive it; that his son, the convicted defendant herein, would operate it; and that he had the reputation of being a violator of the National Prohibition Law. The intervener had no such knowledge, nor did it know of any fact at the time of the purchase of the contract putting it upon particular inquiry.

The court concludes that such a contract has not the attributes of commercial paper or a negotiable instrument in the hands of a purchaser without notice, and finds and concludes that the intervener has failed to show good cause for denial of the forfeiture and sale asked by the plaintiff; judgment will be as prayed by the plaintiff.

Intervener's requested findings numbered I to XII, inclusive, will be made, its other requested findings are denied, and all parts of its motion for judgment except the "third" numbered paragraph are denied; the third paragraph of such motion is granted. The findings and judgment will otherwise be settled upon notice.

The clerk will notify the attorneys for the parties of the above rulings.