## UNITED STATES v. JAMES (C. I. T. CORPORATION, Intervener).
### No. 5811.

District Court, D. Montana.
Jan. 21, 1933.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

Loble & Adair, of Helena, Mont., for claimant.

BOURQUIN, District Judge.

Defendant was convicted of unlawful transportation of intoxicating liquors in an auto, and the car was ordered forfeited and delivered to the Department of Justice for the use of the Bureau of Prohibition.

Now, in behalf of claimant, is evidence that defendant had possession of the auto by virtue of the usual conditional sale contract which recites payments to be made before title would vest in him, in amount $546 subsequent to seizure herein, and that prior to seizure claimant became assignee thereof. There is evidence which might serve to absolve the vendor in said contract, but none in respect to the claimant save its assignment. The contract was executed in Washington, the assignment is to claimant of or "at San Francisco," and the seizure was in Montana.

The statute (title 27, § 40, USCA) provides that the court, upon conviction of the person, shall order forfeiture of the car as aforesaid, "unless good cause to the contrary is shown by the owner."

The burden is the claimant's to show ownership, good cause, and the extent of his just dues in the auto. What is good cause depends on circumstances (see U. S. v. Kane [D. C.] 273 F. 275, 278), and the bare fact of assignment of the contract is not enough to show it, to defeat forfeiture due and made, and to vacate the decree thereof. If mere ownership sufficed, the statute would say so and does not; it stipulating relief is only to (1) an owner, and (2) who shows good cause, not one but both. Moreover, the policy of the law requires that no more than the claimant's just dues shall be awarded him on good cause shown. Jackson v. U. S. (C. C. A.) 295 F. 620, 623.

There is no evidence the contract has not been performed by payment in full to the claimant. It may be that, in an action between claimant and defendant, the defense and burden to prove payment would be the latter's.

But, in this proceeding, good faith, honesty, and fair dealing, in short, good cause, require that claimant possessed of knowledge shall disclose and prove the amount owed and which ought to be awarded him.

The claim is rejected.