Grendel Bennett, Asst. U. S. Atty., for the United States.

Ray Foreman, of Danville, Ill., opposed.

## UNITED STATES v. ONE 1933 FORD V-8 COACH.

### No. 2849.

District Court, E. D. Illinois.

March 27, 1936.

LINDLEY, District Judge.

The government prosecuted a libel against one Ford automobile, and judgment of forfeiture was entered upon the ground (1) that the said automobile was the personal property of one Vancil Ullom, found in the yard or inclosure where said Ullom conducted an illegal still, and subject, therefore, to forfeiture as provided in 26 U.S.C.A. § 1620; and (2) that the said automobile was used in the removal, deposit, and concealment of illegally manufactured liquor, still, and other illicit property, and therefore subject to forfeiture under 26 U.S.C.A. § 1441, which provides that, if a conveyance is used in the removal or for the deposit or conceal-

ment of any such outlaw property, it shall be forfeited.

The Universal Credit Company has filed its intervening petition praying that the forfeiture be remitted or mitigated. The government answered, and the case was tried before the court without a jury.

The petitioner is a finance company dealing in commercial paper given for the purchase price of Ford automobiles. It holds a conditional contract of sale, under which it reserves title, assigned to it by the original vendor of the automobile to Ullom, and a substantial amount of the purchase price remains unpaid. It relies upon 27 U.S.C.A. § 40a, which, after giving to the court jurisdiction to remit or mitigate forfeitures, provides that in any such proceedings the court shall not allow the claim for mitigation unless the claimant proves, first, that he has an interest in the vehicle which he acquired in good faith; second, that he had no knowledge that it was being or would be used in the violation of the laws relating to liquor; and, third, in cases of conditional contracts of sale, that "before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation." 27 U.S.C.A. § 40a (b).

The act in question was passed August 27, 1935, and there are no court precedents as to its proper interpretation. Prior thereto there was no provision for mitigation or remission by the court. The Supreme Court in Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376, held that the acts governing forfeiture necessitate a judgment of forfeiture, irrespective of the good faith of the holder of the conditional contract of sale. The court pointed out the historical reason for its decision, and referred also to its prior decisions, United States v. Evans, 195 U.S. 361, 25 S.Ct. 46, 49 L.Ed. 236; Dobbins v. United States, 96 U.S. 395, 396, 24 L.Ed. 637; Liverpool, Brazil & River Plate Steam Nav. Co. v. Brooklyn Eastern Dist. Terminal, 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130, showing that such has been the law since the adoption of the forfeiture acts in 1866. Such was the state of the law when the conditional contract of sale was acquired in 1933, two years before the enactment of the statute permitting remission and mitigation, above referred to.

Apparently Congress had in mind that a forfeiture under any and all conditions was unjust, and therefore enacted the last-mentioned law in order that the courts might grant relief under the conditions specified in the statute. Consequently it is clear that petitioner must show that he comes within the provisions of the act authorizing remission or mitigation.

The evidence shows that petitioner has an interest in the vehicle which it acquired in good faith, and that it had at no time any knowledge that it was being used, or would be used, in the violation of the liquor laws. The difficult question of fact presented arises upon whether it had any reason to believe that the car would be so used, and particularly whether the claimant has complied with the third provision of the act.

The Ford dealer at Olney sold this car to Ullom, the illicit distiller, October 12, 1933, and transferred the contract to petitioner. This vendor testified that he inquired as to the purchaser's reputation for paying his bills and his financial standing; that the responses were satisfactory; that nothing was said about liquor; that the previous reputation of the purchaser was good; and that the father and brother of Ullom, all of whom lived together, were known as bootleggers. On cross-examination, in rebuttal, he testified that some people said that Ullom himself was a bootlegger and others said that he was not. The vendor made no inquiry of law enforcement officers.

The petitioner brought the paper and made no new investigation. It had owned a previous similar contract, received in a similar manner in 1932. One of the officers of petitioner testified that at the time the first contract was purchased inquiry was made of certain references given as

to the purchaser's financial standing and character. These records, the witness said, had been destroyed when the debt was paid. For this reason, the witness said, no further investigation was made at the time of the purchase of the second contract in 1933. At no time did either the vendor or petitioner make any inquiry of any law enforcement officers as to the reputation of the purchaser with reference to liquor law violation.

For the government, the state's attorney of Richmond county testified that Ullom's reputation for a number of years had been that of a bootlegger. To the same effect was the testimony of a deputy sheriff of the adjoining county and of a salesman for a competing retail car dealer.

■ In view of the testimony of the vendor of the car that some people said Ullom was a bootlegger and others said he was not and the government's evidence that his reputation was that of a bootlegger, it must be accepted as a fact that Ullom had a reputation in the communities where he resided and did business as an illicit dealer in liquor. Congress evidently had in mind that such inquiry should be made because under the third condition of paragraph (b), § 40a, as above set forth, before the court can grant a petition to remit or mitigate a forfeiture, the claimant must prove that he made inquiry at the headquarters of the sheriff, chief of police, internal revenue officer, or other principal local law enforcement officers or federal officers in the community which the purchaser of the car acquired his interest and where he lived. That condition has not been met; there is a complete absence of proof as to such inquiry; and, obviously, had the inquiry been made, information as to the reputation of Ullom would have been received.

I find, therefore, that I am without power under the act of Congress mentioned to grant the relief prayed.

There are no previous decisions upon this statute. The Prohibition Law contained a provision, somewhat similar in import, under which innocent purchasers of conditional sales contracts were permitted to be protected. Under that law it was held that such purchasers could not prevent forfeiture if they knew that the automobile would be operated by the vendee's son, who had been convicted of violating the law, that sellers knowing of facts which would put them upon inquiry which in turn would lead to knowledge that the automobiles would probably be used for transporting liquor could not be protected, and that a policeman's statement that the buyer was a bootlegger was sufficient notice. United States v. Orton (D.C.) 43 F.(2d) 259; Shelliday v. United States (C.C.A.) 25 F.(2d) 372; United States v. Kidd (D.C.) 19 F.(2d) 535; United States v. James (D.C.) 2 F.Supp. 224.

■ The business of selling automobiles and handling the paper arising from such sales has assumed extensive proportions. The companies engaged therein must be presumed to have knowledge of the provisions of the Revenue Act, which require of such dealer an investigation of the record of claimant and of his reputation amongst law enforcement officers. An investigation of such character imposes no unreasonable hardship or expense, and is no more burdensome than the investigation of financial rating. In United States v. Bailey et al. (D.C.) 42 F.(2d) 908, 910, Judge Symes says: "Not to require an investigation as indicated would permit dealers to deliberately, and even corruptly, shut their eyes to facts easy of ascertainment. Section 26 was not designed to protect under such a situation. It would encourage the unscrupulous, make them aiders and abettors in the violation of the law, and place the reputable dealer under a business handicap that the law never intended; all contrary, it seems to me, to sound public policy and common sense."

I conclude, therefore, that the petitioner has not made the proof necessary to entitle it to relief under the provisions of the act relied upon. I adopt the findings and conclusions herein as my findings of fact and conclusions of law. There will be a judgment dismissing petitioner's intervening petition at its costs.