Ralph Dean LEDMAN and Janie Margaret Ledman, Appellants,

v.

G.A.C. FINANCE CORPORATION OF BALTIMORE, Appellee.

No. 3709.

District of Columbia Court of Appeals

Argued July 19, 1965.

Decided Sept. 22, 1965.

Milton C. Gelenian, Washington, D. C., for appellants.

Ronald Goldberg and Marvin E. Perlis, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

In 1955 appellants purchased a new automobile in Maryland for $3,505.51, making a cash down payment of $225.00 and receiving a trade-in allowance for their old car of $675.51, leaving a balance unpaid of $2,605.00, to which were added $1.00 for recording, an insurance charge of $299.00, and finance charges of $591.32, yielding a total time balance of $3,496.32. Appellants agreed to make thirty-six equal monthly installment payments of $97.12 each and executed a conditional sale contract and promissory note to that effect, which were duly assigned on the same date to appellee. For fourteen months appellants made their installment payments and reduced the time balance to $2,233.76. Then, having decided

that they could no longer keep up the payments, they drove the car in November 1956 to appellee's place of business in Maryland, removed the license plates, turned in the car keys and abandoned the vehicle. Appellee then secured bids for sale of the car which was subsequently sold for $1,225.00, leaving an unpaid balance of $1,008.76. After crediting appellants with rebates for insurance and finance charges amounting to $368.76, a balance of $640.00 remained. This suit for the deficiency in that amount was filed September 9, 1964,[1] against appellants, formerly residents of Maryland but now living in the District of Columbia. This appeal followed after trial resulted in judgment for appellee.

Appellants primarily complain that the trial court erred in finding as a matter of law that appellee was a holder in due course and in disallowing appellants' right to raise defenses of fraud and usury against the original payee and assignor, Highlandtown Auto Company.

■ As the contract between the parties was made and executed in Maryland and appellants and appellee were both located in that state, we must apply the law of Maryland in determining appellee's status. The Maryland Code defines a holder in due course [2] as the person who has acquired the negotiable instrument [3] when it was complete and regular on its face, before it was overdue, and without notice that it had been previously dishonored, if that was the fact, in good faith, for value, and with no notice of any infirmity in the instrument or defect in the title of the person negotiating it. It also sets out the requisites for a negotiable instrument.[4]

■ The instrument before us on which the present action was based is neither order nor bearer paper but a conditional sale contract and therefore does not fall within the statutory definition of a negotiable instument under the Maryland Code.[5] Therefore G.A.C. was not a holder in due course of a negotiable instrument but merely an assignee of a nonnegotiable chose in action by which it acquired no greater rights than its assignor had. McClung-Logan Equipment Co. v. Thomas, 226 Md. 136, 172 A.2d 494 (Md.1961); Brown v. Farmer & Ochs Co., 209 F.2d 703, 707 (6th Cir. 1954); 7 Blashfield, Cyclopedia of Automobile Law and Practice § 4613, p. 512. The trial court therefore erred in holding that the conditional sale contract sued upon here was in fact negotiable and that G.A.C. was a holder in due course. By such ruling, G.A.C. was insulated from any personal defenses of fraud and usury as charged by appellants who were not allowed to inquire into the circumstances surrounding their execution of the conditional sale contract with Highlandtown Auto Company, its assignor. The restricted questioning regarding these matters, based upon an erroneous interpretation of Maryland law, was prejudicial to the defenses raised by appellants. Therefore, the judgment against them must be reversed and the case remanded for a new trial, at which time they shall be permitted to produce any

---

1. While this date was approximately eight years after the car had been returned by appellants, it is conceded that appellee's claim is not barred by the Statute of Limitations since the conditional sale contract was under seal and the suit was filed within the twelve-year limitation imposed by Maryland law. Moreover, as the bar of the Statute of Limitations was not pleaded or raised below as an affirmative defense, it has been effectively waived. Atchison & Keller v. Taylor, D.C.Mun. App., 51 A.2d 297 (1947).

2. Md.Code Ann. Art. 13, § 73 (1957).

3. Md.Code Ann. Art. 13, § 16 (1957) defines "instrument" as a "negotiable instrument."

4. Md.Code Ann. Art. 13, § 22 (1957).

5. See United States v. Orton, 43 F.2d 259 (W.D.Wash.1930); United States v. One Buick Coupe Automobile, 58 F.2d 387 (D.N.H.1932); 7 Blashfield, Cyclopedia of Automobile Law and Practice § 4613, p. 512; Annot., 44 A.L.R.2d 8, § 18; 7 Am.Jur. Bills and Notes § 231.

competent testimony to substantiate their allegations of fraud and usury.

 Appellants also assert error by the trial court in denying their right to a jury trial. There is no doubt that they filed a timely demand for a trial by jury but failed to include therewith the requisite jury fee [6] which was not proffered until after the case had been set down for hearing on the non-jury calendar. Although a rule of court provides that the deposit of a jury fee shall be made contemporaneously with the demand therefor, discretion is vested in the trial court to allow a jury trial upon a later motion. It was error to have refused a late payment of the fee and to have denied a trial by jury where no delay or prejudice to G.A.C. was shown. As the case is being remanded for a new trial, we direct that appellants' demand for a jury trial be granted.

Reversed and remanded for a new trial.

6. GS Rule 38, Civil Rules, District of Columbia Court of General Sessions.