**PROPERTY 10–F, INC., a corporation,**
**Appellant,**

v.

**PACK & PROCESS, INC., a corporation,**
**Appellee.**

**No. 4977.**

District of Columbia Court of Appeals.

Argued Feb. 18, 1970.

Decided May 5, 1970.

———◆———

Andrew D. Vozeolas, Washington, D. C., with whom Benjamin F. Rossner, Washington, D. C., was on the brief, for appellant.

John E. Vanderstar, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

1. D.C.Code 1967, § 12–301(7).

HOOD, Chief Judge.

Appellee obtained judgment for damages for breach of contract. Appellant contends that the trial court, sitting without a jury, was in error in not sustaining its defense of the statute of limitations.

The trial court found that the breach occurred "at some time during the period from July 30, 1964 through October, 1965, and by a preponderance of the evidence it is found that the breach occurred on or before April 16, 1965". The court further found that in a letter written May 14, 1965, appellant stated its position that the contract was still in existence as of that date, and concluded that appellee "had a reasonable time thereafter to act upon that representation." The trial court also found that such reasonable time expired "in October of 1965" and that appellant was "precluded from asserting that the statute of limitations commenced to run, for purposes of this action, prior to that date." As the action was brought in July of 1968, the court concluded that our 3-year statute of limitations[1] was no bar to the action.

The Statement of Proceedings and Evidence shows the basis for the court's conclusion to be "that the defendant [appellant] was estopped by its own conduct from asserting that the statute had commenced to run prior to October of 1965 and was barred in particular from so asserting by its letter of May 14, 1965, which set forth the defendant's position that the contract in question was still in force as of that date."

Accepting the trial court's finding that the contract was breached in April 1965, that appellant's letter of May 1965 created an estoppel by lulling appellee into inaction, and that the estoppel or lulling period extended to October 1965, such findings did not bar the defense of limitations.

The statute of limitations began to run when the contract was breached in April 1965.[2] In October 1965 when the estoppel ceased, there remained well over 2 years

2. Fowler v. A & A Co., D.C.App., 262 A.2d 344, 347 (1970).

in which to commence the action. A defendant is estopped from asserting the statute of limitations as a bar to plaintiff's action if he has done anything that would tend to lull the plaintiff into inaction and thereby permit the statutory limitation to run against him.[3] But the effect of such estoppel is not to stop the running of the statute or to create a new date for its commencement. If ample time to file suit within the statutory period exists after the circumstances inducing delay have ceased, there is no estoppel against pleading the bar of the statute. Here, as the trial court found, the "lulling" period ceased in October 1965, and there was ample time thereafter in which to bring suit within the statutory time. Under such circumstances the defense of the statute of limitations was not barred.[4]

Reversed with instructions to enter judgment for the appellant.

3. McCloskey and Co. v. Dickinson, D.C. Mun.App., 56 A.2d 442, 444 (1947).

4. Howard University v. Cassell, 75 U.S. App.D.C. 75, 126 F.2d 6 (1941), cert. denied, 316 U.S. 675, 62 S.Ct. 1046, 86 L. Ed. 1749 (1942), rehearing denied, 316 U.S. 711, 62 S.Ct. 1274, 86 L.Ed. 1777 (1942) ; Glennan v. Lincoln Inv. Corp., 71 App.D.C. 365, 110 F.2d 130 (1940) ; Troutman v. Southern Ry., 296 F.Supp. 963 (N.D.Ga.1968) ; Regus v. Schartkoff, 156 Cal.App.2d 382, 319 P.2d 721 (1957) ; Lobrovich v. Georgison, 144 Cal.App.2d 567, 301 P.2d 460 (1956) ; Reat v. Illinois Central R. R., 47 Ill.App.2d 267, 197 N.E.2d 860 (1964).