**TECHNICAL INSTITUTE OF AMERICA, INC., Appellant,**

v.

**Gregory J. NYGARD, Appellee.**

**No. 5951.**

District of Columbia Court of Appeals.

Argued Dec. 6, 1971.

Decided May 22, 1972.

Paul L. Badger, Washington, D. C., for appellant.

Thomas M. O'Malley, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and PAIR and YEAGLEY, Associate Judges.

HOOD, Chief Judge.

Appellee obtained judgment for commissions earned by him in securing for appellant contracts with the District of Columbia for resident training of selected inmates of Lorton Reformatory. Appellant makes two claims of error.

First, it is claimed there was error in denying appellant a trial by jury. When appellant filed its answer in May 1970, it included a demand for jury trial but failed to deposit the required jury fee.[1] As a result the case was placed on the nonjury calendar and, in January 1971, the parties

---

4. *See* Mumma v. Mumma, D.C.App., 280 A.2d 73, 76–77 (1971), on the use of income tax returns in such proceedings.

1. General Sessions Court Civ.Rule 38, then in effect.

were notified the case would be tried in February. Thereafter (the record is not clear as to the exact time) appellant proffered the jury fee and sought, in effect, to have the case removed from the nonjury calendar and placed on the jury calendar. The motion was denied and when renewed at trial again denied, and the case was tried without a jury.

 The trial court's rule is a reasonable one, designed for the orderly disposition of the court's business.[2] The late tender of the required fee may be excused when no delay or prejudice is occasioned thereby.[3] Our question is whether the trial court abused its discretion in refusing to accept the late tender of the fee, thereby requiring trial without a jury.

All who are familiar with the practice in the trial court know that nonjury cases are more speedily reached for trial than jury cases. Delay in causing a case to be placed on the jury trial calendar compounds the delay. While the record does not show the exact time between the demand for jury trial and the tender of the fee, it is clear the tender was made many months after the demand, and it is clear that had the tender been accepted and the case removed from the nonjury calendar, there would have been a very substantial delay in the trial of the case. Under these circumstances we cannot hold there was an abuse of discretion in not accepting the late tender.

 Appellant's second point is that its contract with appellee to pay him commissions for securing the rehabilitation contracts with the District of Columbia was void and unenforceable as against public policy. It is asserted that a covenant against contingent fees in the District of Columbia contracts rendered the agency contract illegal. This question appears to have been raised for the first time in the trial court at final argument which is not included in the record before us. The trial court expressed an inclination that the agency contract was not illegal but explicitly reserved ruling on that point until appellant submitted a memorandum in regard thereto with opportunity for reply by appellee. Appellant never filed such memorandum.

As the question of the legality of the contract was not fully developed at trial and appellant, for some unexplained reason, failed to file the suggested memorandum with the trial court, we are in no position to pass upon this question.

Affirmed.

---

2. Kass v. Baskin, 82 U.S.App.D.C. 385, 164 F.2d 513 (1947).

3. Ledman v. G.A.C. Fin. Corp. of Baltimore, D.C.App., 213 A.2d 246 (1965).