HALL v. THE CHICAGO, BURLINGTON & QUINCY R'y Co.

1. **Justice's Court:** PRACTICE: DEMAND FOR JURY: WHEN TO BE MADE. In an action in justice's court, if either party desires a jury, demand must be made therefor " at or before the time for joining issue." Code, § 3537. And, although defendant appeared and filed an answer within 15 minutes after the hour at which the notice was returnable, yet plaintiff was not required to give any attention to the case until one hour after the return hour; (Code, § 3525;) and "the time for joining issue" did not expire until he had a reasonable time, after appearing within the hour, to examine the answer, and determine what course he would pursue in relation thereto; and a demand for a jury within such reasonable time, to try the issue raised by the answer, was not too late, though made more than an hour after the return hour. Where the hour for appearance has been extended by agreement, the time for joining issue will be correspondingly extended.

*Appeal from Mills Circuit Court.*

SATURDAY, DECEMBER 6.

*John Y. Stone,* for appellant.

*P. P. Kelley,* for appellee.

REED, J.—This case was brought originally before a justice of the peace. The action is on a money demand, the amount claimed being $21. Judgment was rendered for plaintiff in the justice's court for the amount claimed. Defendant then removed the cause into the circuit court by writ of error. On the hearing in the circuit court the judgment of the justice was affirmed. The cause comes into this court on the following certificate of the trial judge, viz.: "It is hereby certified that there is a question of law involved in this cause, upon which it is desirable to have an opinion of the supreme court, to-wit: The original notice was made returnable before a justice of the peace at 9 o'clock A. M. Within 15 minutes thereafter defendant filed answer. The parties did not then immediately proceed with the trial, but waited until after 10

o'clock for another of plaintiff's attorneys to come to take part in the trial. At 10 minutes past 10 o'clock, and before the trial had, in fact, been commenced, the plaintiff, for the first time, demanded a jury, which was granted by the court, against the objections of the defendant. Did the demand for a jury come too late? Was the plaintiff entitled to a jury at that stage of the proceedings?" It is provided by section 3537 of the . Code that "unless one of the parties demand a trial by jury at or before the time for joining issue, the trial shall be by the justice;" and it is quite apparent that the true answer to the question certified depends on the construction which shall be put upon the words " at or before the time for joining issue," as used in this section.

The proceedings in a justice's court are governed by substantially the same rules which are applied in the circuit court. Sections 3516–3530. The same pleadings may be filed there which are required to be filed in like cases in the circuit court, or they may be stated orally by the parties and written down by the justice on his docket, and any pleading may then be assailed by motion or demurrer, the same as in the circuit court. The issue cannot be said to be joined in any case until all questions relating to the pleadings are settled, and, so long as the right remains to either of the parties to assail any pleading by motion or demurrer, " the time for joining issue" has not expired. When defendant filed its answer, plaintiff had the right, if he deemed it objectionable in any respect, to assail it by motion or demurrer, and he had a reasonable time within which to do this. But he was not required to appear or give any attention to the answer until 10 o'clock. Section 3525. If he had not appeared until that hour, no advantage could have been taken of his absence, but he would have had a reasonable time thereafter in which to examine the answer and determine whether he would go to trial on the pleadings as they then stood, or file a reply to the answer, or assail it by motion or demurrer; and " the time for joining the issue" would not have expired until he had

had an opportunity to do this.   The parties, by agreement, as we infer, awaited the arrival of one of plaintiff's counsel, and he arrived at the office of the justice after 10 o'clock.

The agreement does not appear to have been coupled with any condition as to the pleadings.   Nor does it appear that plaintiff had determined what course he would take with reference to them.   He had the right, as we have seen, to plead to the answer after 10 o'clock, and we think the agreement to wait until the counsel arrived operated to continue his right in that regard until that time.   If his attorney, when he arrived, had deemed it important to file a reply, or to assail the answer by motion or demurrer, there can be no doubt that he would have had the right to do so.   We think, therefore, that the circuit court rightly held that the demand for a trial by jury was not too late, and the judgment is accordingly

AFFIRMED.