# WILLARD v. CROOK.

BILLS AND NOTES; ACCOMMODATION INDORSEMENTS; CORPORATIONS; ULTRA VIRES ACTS; WARRANTY.

1. It is no defense to an action against the maker of a promissory note, that he was an accommodation maker within the knowledge of the holder; *construing* Sec. 1333, Code D. C. (identical with Sec. 29, "Negotiable Instruments Law," 30 Stat., 785).
2. The indorsement by a corporation, *ultra vires,* of a promissory note, nevertheless passes the property therein, and the want of power

of the corporation to indorse is no defense to a subsequent indorser, who, by his indorsement, warrants the genuineness of the paper, his own property therein and the capacity of all the preceding parties to contract; *construing* Secs. 1369 and 1370, Code D. C. (identical with Secs. 65 and 66, "Negotiable Instruments Law," 30 Stat., 785).

3. Whether or not an ordinary trading corporation in this District has the implied power to indorse negotiable paper for accommodation solely, a defense by it that its indorsement was an accommodation indorsement is unavailable where the party taking the note upon the faith of the indorsement had no notice of its want of power.

No. 1261.   Submitted January 22, 1903.   Decided February 3, 1903.

HEARING on an appeal by the plaintiff (specially allowed) from an interlocutory order of the Supreme Court of the District of Columbia overruling his motion for a judgment against the defendants for want of sufficient affidavits of defense, in an action on a promissory note against the maker and several indorsers of a promissory note.    *Reversed.*

The COURT in the opinion stated the case as follows:

This case is brought to this court on a special appeal granted from an error of the trial court refusing a motion for judgment under rule 73 of the Supreme Court of the District.

The action was by Henry A. Willard as indorsee of a negotiable note made by Harrison Crook on March 27, 1902, for the sum of $6,000 and payable three months after date to the order of the Standard Butterine Company. It was indorsed by the following parties in the order named: Standard Butterine Company, by Donnelly, Treasurer, and Walter P. Wilkins, President; Wilkins & Company, by Walter P. Wilkins, President, and Walter P. Wilkins, each of whom is a defendant.

It appears from the affidavit of the plaintiff, and is not denied, that he became the owner of the note by indorsement for value before maturity.

The affidavits of defense are substantially that Crook made

the note solely for accommodation of the Butterine Company, which fact was known to Willard; that Wilkins & Co. indorsed it solely for the accommodation of the Butterine Company.

*Mr. A. A. Birney* and *Mr. Henry F. Woodard* for the appellant.

*Mr. Stuart McNamara* for the appellee Crook.

*Mr. Henry E. Davis* for the appellees, Wilkins & Co. and Wilkins:

1. While a private corporation may borrow money or become party to negotiable paper in the transaction of its legitimate business, whenever the relation of such a corporation to negotiable paper indicates that such relation is that of indorser or surety, every one taking such paper is *ipso facto* put upon inquiry as to the terms upon which, and the purpose for which the relation was assumed; and, where by the terms of its charter, or articles of incorporation, a mercantile company has no power to assume the responsibility of a surety, the note of such a company executed upon *no other consideration than as surety* or for accommodation is not merely voidable but void.    *Savage Co.* v. *Worthington,* 1 Gill, 284; *Jacobs Co.* v. *Trust Co.,* 97 Ga. 573; 1st Encyc. of Law (2d ed.), 3489 and notes.    As the affidavit of defense sets forth that the indorsement of Wilkins & Co. was purely for accommodation, the note sued on is as to that company void.

2. As respects the defendant Wilkins it will doubtless be contended that under the Negotiable Instruments Act he is the guarantor of the preceding indorsements, but even if this be so he is not sued as such but as a simple indorser and without a special averment of his relation to the note in the character of guarantor no judgment can be rendered against him.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The defense of Crook, that he was an accommodation maker, within the knowledge of Willard when he received the note, is in direct opposition to a provision of the Negotiable Securities Act. Code D. C., Sec. 1333.

2. The defense of Walter P. Wilkins, the last indorser of the note, is equally without merit. Whether the preceding indorser, Wilkins & Co., incorporated, had the power to make an accommodation indorsement merely is a question of no importance so far as his liability under the subsequent indorsement is concerned. If it were conceded that the corporation's indorsement of the paper was beyond its powers, and it incurred no liability thereby, its effect was, nevertheless, to pass the property therein. Code D. C., Sec. 1326. And the subsequent indorsement by Wilkins to Willard was a warranty of the genuineness of the paper, of his own title thereto, and of the capacity of all the preceding parties to contract. Idem, Secs. 1369, 1370.

3. It is unnecessary to consider whether Wilkins & Co., as an ordinary trading corporation under the laws of the District, had the implied power to make an indorsement of negotiable paper for accommodation solely. Assuming the want of power, the defense is unavailable where the party acting upon the faith of that indorsement had no notice of the fact. This was the situation of Willard, as shown by his affidavit, and the same has not been denied. *Monumental Bank* v. *Globe Works,* 101 Mass. 57; *Nat. Bank of Republic* v. *Young,* 41 N. J. Eq. 531; *Jacobs' Pharmacy Co.* v. *Trust Co.,* 97 Ga. 573; *Nat. Park Bank* v. *German A. M. W. & S. Co.,* 116 N. Y. 281.

For the reasons given, the order will be reversed with costs, and the cause remanded for further proceedings in conformity with this opinion. It is so ordered. *Reversed.*