## CHASE v. DU PONT NAT. BANK OF WASHINGTON, D. C.

(Circuit Court of Appeals, Third Circuit. January 4, 1922.)

No. 2753.

1. **Bills and notes** ⊶493 (1)—**Note imports consideration, which may be rebutted.**

   Promissory note imports consideration, but between the maker and payee the presumption of consideration may be rebutted by evidence.

2. **Bills and notes** ⊶493 (4)—**Proof money was not paid to maker does not rebut presumption of consideration.**

   In an action on a note payable to a bank, evidence that the bank credited the amount of the note to the account of a third party does not alone rebut the presumption of consideration for the note, since the note may have been an accommodation note, as defined by Uniform Negotiable Instruments Law D. C., art. 2, § 29.

3. **Bills and notes** ⊶96—**Accommodation note is supported by consideration.**

   A note executed by the maker for the accommodation of another, to whom the money is paid by the payee, is supported by consideration.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by the Du Pont National Bank of Washington, D. C., against Edward B. Chase. Judgment for plaintiff on directed verdict (272 Fed. 1016), and defendant brings error. Affirmed.

J. Claude Bedford and Roy Martin Boyd, both of Philadelphia, Pa., for plaintiff in error.

Isaac A. Pennypacker and Joshua F. Bullitt, both of Philadelphia, Pa., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and LYNCH, District Judge.

WOOLLEY, Circuit Judge. The action is on a promissory note. The facts, pleaded and proved, are briefly these:

Speaking of the parties as they stood below, the plaintiff bank was the payee and the defendant was the maker of a promissory note for $5,500. The plaintiff declared on the note in the usual form. The defendant pleaded that he was asked by the president of the bank to sign a note for $6,000, of which the note in suit is in part renewal; that he received no benefit, nor did the bank at his instance suffer a

⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

detriment, from the note; and that the note was wholly without consideration.

At the trial the plaintiff called its cashier and proved execution and delivery of the note by the defendant, and nonpayment. There it stopped. On cross-examination the defendant brought out from the witness that some one delivered to the bank a note for $6,000, signed by the defendant as maker; that the bank credited the proceeds of the note not to the defendant maker but to the account of one Mary C. Howard; and that upon maturity he, the maker, paid $500 in reduction of the principal and gave the note in suit in renewal for the balance. There the plaintiff rested. The defendant then moved for a nonsuit on the ground that, upon the plaintiff's showing, the bank, instead of crediting his account with the proceeds of the original note, had appropriated them. On refusal of a nonsuit the defendant, relying on the plaintiff's evidence to prove no consideration for the note, declined to present any evidence of his own. After judgment for the plaintiff on a directed verdict the defendant sued out this writ of error, assigning several errors, which, when compressed, raise the one question, whether on the evidence the plaintiff had itself proved that the note was without consideration.

[1, 2] This question turns on well-settled principles. The first is that a promissory note imports consideration. When the controversy is between maker and payee an issue of consideration is simplified by the ease with which the law, as between these parties, allows the maker to rebut the presumption of consideration by evidence. The defendant, however, says that he was not required to overcome the presumption by evidence because the plaintiff itself had destroyed the presumption by its admission that the proceeds of the note had not been credited to the maker. This evidence, we think, did nothing more than prove that the defendant maker, in not receiving money for his note, had not received a money consideration. This fact did not rob the note of validity, for still it may have been—as the defendant's pleadings seem to indicate—an accommodation note, importing consideration of the character implicit in such an undertaking.

By the Uniform Negotiable Instruments Law, enacted by the Congress for the District of Columbia, where the note was made, it is provided:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or endorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to the holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Article 2, § 29, 30 Stat. 789.

That the defendant regarded the bank as a "holder for value" and considered himself "liable on the instrument" is persuasively evidenced by his payment of $500 on account of the first note.

[3] The obligation of an accommodation maker, though made without value received by him, is none the less an obligation recognized in law to be supported by a valid consideration. To fasten liability upon an accommodation maker it is not necessary that any consideration

should move directly to him. The consideration which supports his promise is that which is parted with by the person taking the note and received by the person accommodated. 3 R. C. L. 927, 928.

We are of opinion that the presumption of consideration of this character was not destroyed by the plaintiff's evidence. On this presumption—it being all there was in the case in the nature of evidence—there was nothing for the court to do but direct a verdict. Just what was the note transaction, where lay the consideration, and why the proceeds were credited to one other than the maker, the plaintiff, resting upon the presumption of consideration which the law offered, did not have to disclose; and the defendant, for reasons of his own, did not see fit to tell the jury. Though the evidence was meager it was enough, in default of any evidence in rebuttal, to compel and sustain a directed verdict for the plaintiff.

The judgment below is affirmed.