830

**RUST ENGINEERING CO. v. LEHIGH STRUCTURAL STEEL CO.**

No. 6371.

United States Court of Appeals for the District of Columbia.

Argued May 7, 1935.

Decided Oct. 14, 1935.

Rehearing Denied Nov. 4, 1935.

Joseph T. Sherier, of Washington, D. C., for appellant.

H. Winship Wheatley, of Washington, D. C., Roberts B. Thomas, of New York City, and H. Winship Wheatley, Jr., of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, JJ.

PER CURIAM.

The case was here before on a special appeal (61 App. D. C. 224, 59 F.(2d) 1038). The facts are shown in our former opinion. On this appeal two main questions are involved.

First, whether the award made by the arbitrators is final; second, whether the defendant, by introducing evidence and proceeding without objection to a conclusion of the whole case before the judge, waived its right to a trial at law by a jury. Both questions were decided in the affirmative by the trial court, and we think correctly.

The parties had entered into an agreement to the effect that any controversy which might arise with respect to the work should be referred for determination to three disinterested arbitrators. A dispute did arise, and arbitrators were appointed. The arbitrators met and heard evidence with relation to the validity and, as the trial court found as a fact, also the amount of the claim. They reached a conclusion by agreement of two of them and made an award in writing and certified to its correctness before a notary public. Two days later one of the majority removed his signature from the award, explaining that he did so because the other arbitrator who had joined with him had published the fact that an award had been made before the time agreed upon.

The trial judge, who heard the evidence and saw the witnesses, found as a fact that the award was final and complete, and we think his conclusion justified by the evidence. After the signing of the award by two of the arbitrators, the fee which they would charge was fixed and the written award left with the other arbitrator in order that he might determine by the next morning whether he would join or dissent. The subsequent act of one of the majority in seeking to revoke his former agreement is explained only on the ground that he was piqued at the disclosure of the award to one of the parties by the other arbitrator. There is no charge of fraud or of mistake, and in the circumstances we think that, when the award was agreed to, signed, and acknowledged before a notary, the matter was at an end, and it was not permissible for either of the agreeing arbitrators to reopen or reconsider it. The arbitration agreement itself contained no provision for delivery of the award, and, applying the test of intention on the part of the arbitrators, it is clear that when they separated on the evening in question they understood and agreed that as to a majority of them the award was final and conclusive. See Burchell v. Marsh, 17 How. 344, 15 L. Ed. 96; Livingston v. Woodworth, 15 How. 546, at page 558, 14 L. Ed. 809; Karthaus v. Ferrer, 1 Pet. 222,

7 L. Ed. 121; Monidah Trust v. Arctic Construction Co. (C. C. A.) 264 F. 303, 306; Ames Canning Co. v. Dexter Co., 195 Iowa, 1285, 1298, 190 N. W. 167; Lewis Mears Co. v. Chicago Exchange (C. C. A.) 1 F.(2d) 281, 282; Bayne v. Morris, 1 Wall. 97, 99, 17 L. Ed. 495. In the last-named case it was said: "Arbitrators exhaust their power when they make a final determination on the matters submitted to them. They have no power after having made an award to alter it; the authority conferred on them is then at an end."

■ Second. After the mandate of this court on the former appeal was received below, the cause came on for trial before Judge Adkins and a jury. A mistrial resulted, and on the following day the defendant filed amended pleas. The first plea alleged that the arbitrators unlawfully refused to hear defendant's evidence on the question of damages, as a result of which misconduct the award was wholly without effect. Counsel speak of this as an equitable plea, and the trial judge in his opinion says: "The cause was formally submitted to the court on the issues raised by the plea setting up the 'equitable defense' and the replication thereto. However, without objection, evidence was presented by both parties also on the issue raised by the 'second plea' (legal defense), filed June 3d, 1933, and the joinder of issue thereon."

The "second plea" was that the arbitrators had not reached a final agreement and made a final award. Counsel speak of it as a legal plea.

Appellant now denies the right of the trial court, sitting as a court of equity, to decide the legal question involved in that plea without a statutory stipulation or waiver by it of its right to trial by jury.

Our conclusion is that appellant, in filing its equitable defense and thus invoking the powers of a court of equity and then presenting evidence in support of its legal defense on the trial, has waived its constitutional right to a trial of the legal issue by a jury. When, without objection, it proceeded to a trial of the entire issue before the court, it waived the right to demand a jury trial. See American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306; Reynes v. Dumont, 130 U. S. 354, 9 S. Ct. 486, 32 L. Ed. 934; Smith Co. v. Pray (C. C. A.) 61 F.(2d) 687; General Felt Products,

Inc., v. Saranac Co. (C. C. A.) 61 F.(2d) 857.

Affirmed.

Judge HITZ sat during the argument of this case, but died before the opinion was prepared.