224

## BARRETT v. STERRETT OPERATING SERVICE, Inc.
### No. 6645.

United States Court of Appeals for the District of Columbia.

Argued Oct. 13, 1936.
Decided Nov. 16, 1936.

William A. Gallagher, of Washington, D. C., for appellant.

Norman E. Sill, of Washington, D. C., for appellee.

Before ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

PER CURIAM.

There is a rule of the Municipal Court which provides:

"Any party entitled to a jury trial and desiring same shall file a demand for such jury trial, signed by the party or his attorney of record.

"In Class B * * * cases * * * not later than the time for appearance of the defendant stated in the summons."

This is a Class B case. On July 23, the return day of the summons, the plaintiff appeared before the court at 10 a. m., which was the hour named in the summons, and moved for a continuance to August 15. A few minutes thereafter counsel for defendant appeared and filed pleas to the declaration and a demand for jury trial. Later plaintiff moved to strike the pleas and the demand for a jury trial. The court overruled the motion to strike the pleas, but sustained the motion to strike the demand for a jury trial. Subsequently the court entered judgment for the plaintiff on the merits. A motion for a new trial was overruled. The only question presented here is whether or not the trial court erred in denying defendant a jury trial.

Assuming the rule to be valid, as we do on this appeal, we nevertheless feel that it is going entirely too far to hold that the rule is so far mandatory that the court is without discretion, for good and sufficient reasons, to modify it when a modification will not result in unreasonable delay or prejudice the rights of the opposite party. Here, as we have seen, the issues were not made up, nor was the case ready for trial prior to the time when the demand for jury trial was made; and it is perfectly clear that the granting of the motion for jury trial would not have interfered with the orderly disposition of the court's docket or have deprived the opposing litigant of any rights.

In these circumstances it was an abuse of discretion to deny the application. The correct rule is well stated by the Supreme Court of Texas in Petri v. Bank, 84 Tex. 153, 19 S.W. 379, where it is said that the failure to pay the jury fee upon the first day of the term, in accordance with a rule of court, does not deprive a party of the right of trial by jury unless to grant the right would operate to the prejudice of his adversary. See, also, Blair v. Paggi, et al. (Tex.Com.App.) 238 S.W. 639; Hall v. Chicago, B. & Q. R. Co., 65 Iowa, 258, 21 N.W. 596. For these reasons we think the judgment below should be set aside and a new trial awarded the defendant.

Reversed and remanded.