## KENNEDY v. DAVID.
### No. 7352.

United States Court of Appeals for the District of Columbia.

Decided Jan. 29, 1940.

Thomas F. Gowen and Bernard J. Fitzpatrick, both of Washington, D. C., for plaintiff in error.

Levi H. David, in proper person, for defendant in error.

Submitted to STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

David brought a "Class B" action in the Municipal Court against Kennedy. The amount claimed was $150. When the value in controversy exceeds $20, either party to an action in the Municipal Court "may demand a trial by jury." 41 Stat. 1310; D. C.Code, 1929, Tit. 18, § 205. The court has express power to make rules of practice, pleading, and procedure. 41 Stat. 1312, § 11; D.C.Code, Tit. 18, § 212. Its Rule 5 provides that a demand for jury trial "shall be filed not later than the time for appearance of the defendant stated in the summons" but that the court, by special order in the particular case, may extend the time for filing the demand. Summons was served on Kennedy on July 30, 1938. It was returnable at 10 o'clock on August 2. On that day the parties appeared personally. Kennedy neither filed a demand for jury trial nor asked the court to extend the time for filing it. He asked for a continuance. Without objection, the case was continued until September 15, 1938. In due course it was regularly assigned on the list of cases to be heard, without a jury, on September 15. On September 9 Kennedy's attorneys filed a demand for jury trial. A copy of this demand was served on plaintiff's attorney on September 13, two days before trial. The demand was renewed when the case was called on September 15. The court sustained the plaintiff's objection to the demand, on the ground that Rule 5 had not been complied with. The case was tried at length, on September 15, 16, 19, and 21, and the court made its finding in the plaintiff's favor for $150. Defendant's exception and motion for a new trial were overruled, and judgment was entered for the plaintiff. The bill of exceptions discloses none of the evidence.

It has long been settled that a right to jury trial in a civil action may be waived by failure to comply with reasonable conditions. Bank of Columbia v. Okely, 17 U.S. 235, 4 Wheat. 235, 4 L.Ed. 559; Fidelity & Deposit Co. of Maryland v. United States, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194; In re Neasmith, 6 Cir., 147 F. 160. In Barrett v. Sterrett Operating Service, Inc., 66 App.D.C. 321, 87 F.2d 224, a defendant in a Class B case in the Municipal Court had moved for a jury trial on the return day, a few minutes after the hour named in the summons. The Municipal Court overruled the demand, and the plaintiff recovered judgment. This court reversed the judgment, on the ground among others that it was "perfectly clear that the granting of the motion for jury trial would not have interfered with the orderly disposition of the court's docket or

have deprived the opposing litigant of any rights." That cannot be said here. A few minutes delay, during which no substantial action is taken by the court or the opposing litigant, is one thing; a delay of more than a month, during which the case is set for trial on the non-jury docket and the opposing litigant presumably prepares his case on that basis, is a very different thing.

We do not consider whether the summons and service were regular, for defendant by appearing generally and going to trial without objection on that score waived the question whether jurisdiction of his person was properly obtained. St. Louis & San Francisco Railway Co. v. McBride, 141 U.S. 127, 11 S.Ct. 982, 35 L.Ed. 659; McAdoo v. Ormes, 47 App.D.C. 364, affirmed, Houston, Secretary of the Treasury, v. Ormes, 252 U.S. 469, 40 S.Ct. 369, 64 L.Ed. 667.

Affirmed.