## DALY v. SCALA et al.
### No. 222.

Municipal Court of Appeals for the
District of Columbia.
Oct. 31, 1944.

L. J. H. Herwig, of Washington, D. C., for appellant.

Karl Kindleberger, of Washington, D. C., for appellees.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant is owner of premises wherein she resides, parts of which she rents to others. Appellees are tenants of one of the apartments in the building. Suit for possession of this apartment was brought by appellant charging waste and maintenance of a nuisance. Trial was by jury; verdict and judgment were for defendants.

The complaint alleged that injuries to radiators and other acts of waste were committed; that the plaintiff and other tenants in the building were kept awake by unseemly noises emanating from the apartment occupied by the defendants, and that other disorderly acts were committed by them.

I

The first error assigned is that defendants' demand for a jury trial was allowed to stand, although not filed on or before the appearance day, as required by the rules of the Municipal Court.[1] The summons required defendants to appear on April 14, 1944. Two days earlier defendants filed a motion to dismiss for lack of sufficient title in plaintiff. This motion was heard on the return day of the summons. It was not decided until April 29, when it was overruled. Meanwhile, on April 28, defendants had filed a demand for jury trial. On the following day the court overruled plaintiff's motion to strike the demand and set the case for jury trial on May 9th.

The right to jury trial is so jealously regarded by our courts that parties may not be deprived of it by a rigid construction of a procedural rule. Rules or statutes limiting the time for filing a demand for jury trial, although mandatory in terms, are not always so regarded. It is the rule in this and in other jurisdictions that where the opposing party is not prejudiced, the court, in its discretion, may waive the delay, and its refusal to enforce the time limitation is not reversible error.[2] Where, as here, a motion which might result in the dismissal of the suit was pending and heard on the return day, and the demand was filed before the court had decided that motion, the court's action was plainly both reasonable and proper.

[1] Rule 10 of the special rules governing Landlord and Tenant cases provided:

"Section 1. Any party entitled to a jury trial and desiring same shall file a demand for such jury trial, signed by the party or his attorney of record, accompanied by the fee herein provided, or, in the absence of such payment, upon a waiver thereof by the judge. Such demand shall be filed not later than the time for appearance of the defendant stated in the notice, or such extended time as the judge may fix by special order in the case, and must be accompanied by an affidavit of the defendant or his agent setting out the facts upon which his defense is based.

"Section 2. When a demand for jury trial has been filed as above provided, the case shall be placed upon the regular jury assignment for trial under the procedure provided for jury trials, and shall be given a preferential status on said jury assignment."

[2] Kennedy v. David, 71 App.D.C. 340, 109 F.2d 676; Barrett v. Sterrett Operating Service Co., 66 App.D.C. 321, 87 F.2d 224. See also Sholin v. Skamania Boom Co., 56 Wash. 303, 105 P. 632, 28 L.R.A., N.S., 1053; Peeps Fixture Co. v. Gove, 24 Colo.App. 149, 133 P. 143.

## II

During the opening statement to the jury by defendants' counsel he charged that the action was not brought in good faith but was motivated by a dispute over an increase in rent in a proceeding before the Administrator of Rent Control.[3] Plaintiff's objection to this statement was overruled. Later her objection to the admission of defendants' evidence concerning the proceeding before the Rent Administrator was overruled.

No motion for a mistrial followed the objection to counsel's opening statement and we cannot consider the point on appeal.[4] The record shows that plaintiff, in her case in chief, under examination by her own counsel, testified concerning the dispute before the Rent Commissioner. This was the reason assigned by the court for overruling her objection to the evidence. In this we find no error.

## III

Evidence of defendants' reputation for peace and good order was admitted, apparently without objection, and this is assigned as error. But plaintiff produced witnesses who testified to her own good reputation for peace and good order, and other testimony that defendants' reputation was "not so good." The reputation of the parties for peace and good order was irrelevant, but when litigants voluntarily try immaterial factual issues to the jury, regardless of who was the first offender, neither may complain.

## IV

Plaintiff asserts that after the court had sustained her objection to the admission in evidence of a medical report, defendants' counsel discussed it and disclosed its contents to the jury. There is nothing in the record to support such a charge.

## V

Error is assigned to the refusal of the court to grant two of plaintiff's prayers, and to the failure of the court to instruct "upon the probative value or consideration to be given to evidence tending to show plaintiff's mala fides." No request for the latter was made.

We have examined the instructions given by the court, including three prayers submitted by plaintiff. We think they fully and fairly stated the law applicable to the case. They adequately covered all proper subjects for instruction presented in the rejected prayers.

Affirmed.

---

[3] District of Columbia Emergency Rent Act of Dec. 2, 1941 (Code 1940, § 45—1606).

[4] Abbott v. Fant, D.C.Mun.App., 38 A. 2d 618; Meyer v. Capital Transit Co., D. C.Mun.App., 32 A.2d 392.