**BARNES v. CONNER et al.**

No. 329.

Municipal Court of Appeals for the District of Columbia.

Dec. 18, 1945.

Lewis E. Barnes, of Washington, D. C., pro se.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellees.

Before CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The action below was for possession of real estate on account of alleged default in payment of rent. Defendant, who is an attorney, appeared on the return day and moved to dismiss the complaint because it failed to show, at the place indicated on the printed form of complaint, whether notice to quit had been given or whether such notice had been waived in writing.[1] When plaintiff stated, and defendant admitted, that defendant held possession under a written lease which waived notice to quit in the event of default in payment of rent, the trial court permitted plaintiff's counsel to amend the complaint by inserting a check-mark on the printed form, indicating that notice to quit had been waived. Defendant complains of this action, but we think it was entirely proper. Proceedings in landlord and tenant actions are informal and defendant was in no way prejudiced by the amendment.

Following the allowance of the amendment, and denial of the motion to dismiss, defendant stated he wished to file an affidavit of defense and a demand for trial by jury. No written defense is required in such proceedings unless defendant demands a jury trial. L. & T. Rule 4. Such demand must be made in writing on the return day or within such further time as the court may fix. L. & T. Rule 7. The trial court continued the case until the next day, "at which time the defendant should file his Affidavit of Defense and Demand for a Jury Trial." On the following morning the case was called on the regular calendar but defendant did not appear. At the completion of the calendar call, the case was again called, and, defendant still not appearing, judgment for plaintiff by default was entered. Later in the same day defendant filed his affidavit of defense and demand for jury trial, and on the following day filed a motion to vacate the default

---

[1] See form of complaint set out in Landlord and Tenant Rule 13.

926

judgment. This motion was denied and from the judgment defendant has appealed.

In our opinion the trial court should have vacated the default judgment. Perhaps defendant was negligent in not appearing to answer the case when called, but under the circumstances we think his negligence was excusable, and the trial court is authorized by its general Civil Rule 53(b) to grant relief from a judgment entered against a party through his mistake, inadvertence, surprise or excusable neglect. Ordinarily this is a matter in the trial court's discretion and is not a subject of review; but here we think there was an abuse of discretion. Defendant had made clear to the court and to his adversary that he intended to defend the case, and the continuance of one day was granted in order that he could file his affidavit and jury demand. The case was not continued for trial, but to allow time for defendant to file the papers necessary to entitle him to a jury trial. Then the case would be placed upon the jury assignment. Though it may have been intended by the court that the defendant should file his papers prior to the call of the next day's calendar, such intention was not clearly expressed. According to defendant's affidavit in support of the motion to vacate, he understood that he had all of the following day in which to file the papers and he had appeared in the court room prior to opening of court and informed the clerk that the papers would be filed before the close of court on that day.

When it was made to appear that defendant had filed his affidavit of defense and demand for jury trial a few hours after the default was entered, and that his failure to file them earlier and to answer the call of the calendar was due to his misunderstanding of the time allowed, we think it was the duty of the court to set aside the default and give the defendant a trial. Naturally, we do not condone either wilful or negligent disregard of court rules or orders, but before a litigant is deprived of his day in court and his right to trial by jury, there must be shown a greater neglect, or a more plain disregard of rules, or some clearer prejudice to the opposing party, than appears here. Cf. Barrett v. Sterrett Operating Service, Inc., 66 App. D.C. 321, 87 F.2d 224.

Reversed.