**BASKIN v. KASS.**

No. 401.

Municipal Court of Appeals for the District of Columbia.

Aug. 30, 1946.

---

[6] 18 U.S.C.A. § 724.

[7] 18 U.S.C.A. § 724.

Jacob N. Halper, of Washington, D. C., for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The critical question on this appeal is whether the trial judge abused his discretion in denying a jury trial to defendant. This was a landlord and tenant case involving commercial property, which plaintiff charged had been sublet in violation of the terms of a lease between the parties.

There is a special rule of the Landlord and Tenant Branch of the trial court (Rule 7) governing the manner of securing jury trials. It provides:

"Any party entitled to a jury trial and desiring same shall file a demand for such jury trial, signed by the party or his attorney of record, accompanied by the fee herein provided, or, in the absence of such payment, upon a waiver thereof by the judge. Such demand shall be filed not later than the time for appearance of the defendant stated in the notice, or such extended time as the judge may fix by special order in the case, and, if made by the defendant, must be accompanied by an answer of the defendant or his agent setting out the facts upon which his defense is based."

Rule 7(b) provides that preferential status be given to this class of case.

The case was filed March 11, 1946, returnable on March 25, 1946. On the return day Henry S. Snyder, an attorney, appeared in court, and sought and obtained a continuance of the case until April 1. He did not then demand a jury trial, nor seek an extension of time for filing such demand.

Four days later, on March 29, with two other attorneys, he filed an answer to the complaint, incorporating into the answer a demand for jury trial. At the same time they filed a motion for jury trial, which was supported by affidavit of Mr. Snyder. The substance of the affidavit was that three days before the return day Mr. Snyder was called on the telephone by the father of defendant who was out of the city and requested to obtain a continuance of the case; that Snyder had no knowledge of the transactions involved nor of the issues of fact or law involved and knew nothing of the case at all; that Snyder had not then been employed to represent defendant but was only asked to secure a continuance; that he notified plaintiff's counsel of these facts; that it was not until the day after the return day that Snyder was employed as one of the counsel in the case and immediately after becoming acquainted with the issues involved and having advised defendant thereof, defendant requested him to move for a jury trial. He concluded the affidavit by saying that he knew of no facts or circumstances that would prejudice the plaintiff if the motion were granted.

No opposing affidavit was filed by plaintiff and so far as the record reveals, no testimony was taken on the motion for jury trial when it was presented to the trial judge on April 1. The motion was denied. Summarizing for the record his reasons for denying a jury trial, the trial judge later said, "I thought under all the circumstances presented I ought to exercise my discretion by denying the motion * * *"; that the case was one that might just as easily be tried by the court; that "there was nothing shown to me which made it especially advisable to have a jury trial"; "that there are no special circumstances brought out here which indicate that a jury trial would be preferable, or why there was special reasons for allowing a jury trial was at my discretion." He also said, responding to a statement by counsel that he (the judge) had found no prejudice to plaintiff, "Well I didn't go into that at all. I don't think that is necessary." The judge conceded that he had discretionary power to grant the motion but concluded by saying: "My ruling is that there is nothing here which appeals to

my discretion in favor of exercising it, or in favor of allowing a jury trial."

The case later proceeded to trial before the same judge, who found for plaintiff for possession of the property in dispute. This appeal followed.

■ We must hold that the trial judge abused his discretion by refusing defendant a trial by jury. It is true of course, that defendant did not file his jury demand on the return day, nor seek an extension of time for filing the demand. If that were all that the record showed, it would be correct to say that defendant had waived his right to a jury trial.[1] But the record shows considerably more. It shows that just four days later, and three days before the continued date of the case (and two weeks before the case was actually tried) defendant sought to comply with the rule by filing his answer and making his demand for jury trial. Moreover defendant presented the affidavit of Mr. Snyder which made a rather full and reasonable explanation of the circumstances which prevented him from filing the demand on time. We think the affidavit, uncontradicted as it was, reasonably explained the inadvertence, made out a case of excusable neglect, and effectively negatived any thought of an intentional waiver of the right to trial by jury. It seems to us that upon that showing defendant was reasonably entitled to have his jury demand honored, unless the trial judge found that allowing a jury trial would prejudice some substantial rights of plaintiff. And it is doubtful that he could have found such prejudice to plaintiff in view of Mr. Snyder's sworn statement to the contrary, of which statement there is no denial in the record by way of affidavit, or even by statement of opposing counsel.

■ But the trial judge "didn't go into that at all" and did not think it was necessary. Therein we think he was in error, for he was attempting to exercise judicial discretion without applying judicial standards. He decided that defendant should not have a jury trial, without inquiring or considering whether a jury trial would prejudice the plaintiff. He did not weigh the rights of the parties one against the other, or attempt to strike a judicial balance as to the consequences of granting or refusing a jury trial. He seems to have been guided by his individual or personal views as to what was "advisable" or "preferable" in the situation. This is not the proper or recognized approach in deciding a matter which should "be determined in the exercise of judicial, not personal, discretion."[2] "Judicial power is never exercised for the purpose of giving effect to the will of the judge; always for the purpose of giving effect * * * to the will of the law."[3]

Dealing specifically with the question before us the United States Court of Appeals for this District has held it an abuse of discretion to deny a jury trial when the demand, though late, was made before the issues were made up and before the case was ready for trial. Barrett v. Sterrett, 66 App.D.C. 321, 87 F.2d 224. The Court stressed that delay in complying with a rule of court as to jury demand "does not deprive a party of the right of trial by jury *unless to grant the right would operate to the prejudice of his adversary.*"[4] (Emphasis supplied)

The question has twice been before this court. In Daly v. Scala, D.C.Mun.App., 39 A.2d 478, 479, we held it was not error to allow a jury demand to stand, under the circumstances of the case, though it was filed two weeks late. We said:

"The right to jury trial is so jealously regarded by our courts that parties may not be deprived of it by a rigid construction of a procedural rule. Rules or statutes limiting the time for filing a demand for jury

---

[1] Kennedy v. David, 71 App.D.C. 340, 109 F.2d 676 and cases there cited.

[2] Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193, 196.

[3] Osborn v. United States Bank, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204; see also Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520; Cornwell v. Cornwell, 73 App.D.C. 233, 118 F.2d 396; Potomac Small Loan Co. v. Myles, D.C.Mun.App., 34 A.2d 609.

[4] Compare Kennedy v. David, 71 App. D.C. 340, 109 F.2d 676, where the court upheld the denial of a jury trial because the demand was filed more than a month late, after the case had been set for trial on the non-jury docket, and after the plaintiff had presumably prepared his case on that basis.

776

trial, although mandatory in terms, are not always so regarded. 'It is the rule in this and in other jurisdictions *that where the opposing party is not prejudiced,* the court, in its discretion, may waive the delay, and its refusal to enforce the time limitation is not reversible error." (Emphasis supplied)

And in a later case, Barnes v. Conner, D.C.Mun.App., 44 A.2d 925, 926, defendant claimed to have misapprehended the judge's instructions as to when his answer and jury demand were to have been filed, and filed them a few hours after default judgment was entered. We set aside the default, saying:

"Naturally, we do not condone either wilful or negligent disregard of court rules or orders, but before a litigant is deprived of his day in court and his right to trial by jury, there must be shown a greater neg-

lect, or a more plain disregard of rules, or some clearer *prejudice to the opposing party,* than appears here." (Emphasis supplied)

Thus we see that in a situation of this kind the question of possible prejudice to the opposing party could very well be the determining factor in shaping the judge's discretion as to whether the right to jury trial should be denied. But in this case there was neither showing or finding of prejudice to plaintiff (and indeed no inquiry at all into that phase of the case). Nor was the delay a long one, or the neglect inexcusable. Under the circumstances we must reverse the judgment below and remand the case with instructions to vacate the judgment, and grant defendant's motion for trial by jury.

Reversed.