**KASS v. BASKIN.**

No. 9393.

United States Court of Appeals
District of Columbia.

Argued Oct. 13, 1947.

Decided Nov. 17, 1947.

Mr. H. Max Ammerman, of Washington, D. C., with whom Mr. Louis Ottenberg, of Washington, D. C., was on the brief, for appellant.

Mr. Jacob N. Halper, of Washington, D. C., for appellee.

Before EDGERTON, Associate Justice, MARIS, Circuit Judge, and PRETTY-MAN, Associate Justice.

PRETTYMAN, Associate Justice.

This case originated in an action in the Municipal Court by a landlord against a tenant for possession of real property. The trial court gave judgment for the landlord, and the Municipal Court of Appeals reversed.[1] Because of the importance of the pivotal question in the conduct of the business of the trial court, we allowed an appeal.

The Rules of the Municipal Court, Landlord and Tenant Branch, provide that a demand for jury trial "shall be filed not later than the time for appearance of the defendant stated in the notice, or such extended time as the judge may fix by special order in the case, * * * *"[2]

The time for the appearance of the defendant in the case at bar was stated in the notice to be March 25, 1946. On that date an attorney entered his appearance for the defendant and continued the case for trial. He did not file a demand for jury trial, nor did he request the court to extend the time within which such demand might be filed. No order of extension was entered. Four days later this attorney, joined by two others as counsel for the defendant, filed an answer and a demand and a motion for a jury trial. At the same time, the attorney filed an affidavit which recited that at the time the summons was served the defendant was out of the city, that defendant's father had requested that the case be continued, and that the attorney had at that time no knowledge of the transactions or the issues involved. The trial court denied the demand and the motion and heard the case without a jury, giving judgment for the plaintiff.

The case upon appeal concerns the rights of a party after he has failed to comply with the rules of court. One view is that the failure of the defendant to comply with the Rule constituted a waiver of his statutory[3] and Constitutional[4] rights to a jury trial, and that thereafter trial by jury lay within the sound discretion of the court, to be exercised upon consideration of the case as a whole, including, among other things, the contentions of the parties, the presence or absence of issues of fact, and the necessities of the court's docket. The contrary view is that the attorney's affidavit effectively negatived any thought of an intentional waiver of the right to jury trial; that it did not appear that a jury trial would operate to the prejudice of the plaintiff; and that, therefore, the defendant was entitled to a jury trial as a matter of right. The Municipal Court of Appeals, being of the latter view, held that the trial judge had abused his discretion in denying defendant's demand and motion.

No contention is made that the rule here involved is unreasonable or that it is not clear. It does not require a party to make his jury demand on the designated day or else lose his right. It is in the alternative. It permits him to secure an extension of time by special order of court, obviously upon cause shown. So if for good reason a party is unable to say on the designated day whether he will desire a jury trial, the Rule permits him to apply for an order of extension. We are advised that it is common practice to apply for and secure such a special order at the time a continuance

---

[1] Baskin v. Kass, 48 A.2d 773 (1946).

[2] Rule 7(a).

[3] "* * * in all actions for the recovery of possession of real property, either party may demand a trial by jury." D. C.Code § 11—715 (1940).

[4] We are not intimating an opinion as to whether there is a Constitutional right to jury trial in landlord and tenant cases of this character. The point is immaterial in this case, since there is a statutory right.

is sought, if the party has not then decided, for good reason, whether jury trial is wanted. It is important in the case at bar to bear in mind this alternative feature of the Rule, because this defendant neither made his demand nor asked for an order of extension at the required time.

The affidavit of the attorney in this case shows nothing more than failure to observe the Rule. Affiant was a lawyer. He was engaged to secure a continuance. The recitations of the affidavit that the defendant was out of the city and that counsel was not then advised of the facts of the case, might well explain the failure then to demand a jury trial, but they supply no reason for failure to apply for an order of extension. In fact, the circumstances recited in this affidavit are a well-nigh perfect hypothesis for the application of the latter part of the Rule, instead of being an excuse for non-compliance with it.

That the trial court has power to grant a jury trial after the parties have failed to demand one within the time prescribed, is not disputed. The literal effect of non-compliance with the Rule is to remove trial by jury from among the rights of the parties and to place it within the sound discretion of the trial court.

The District of Columbia statute is clearly permissive rather than mandatory.[5] It gives the right to jury trial; it does not require such trial. The Constitutional guarantee, when it applies, is of the same nature.[6] The right, not the fact, is the grant and the guarantee. It is settled beyond question that even the Constitutional right, when there is one, can be waived.[7] And it is settled that failure to comply with reasonable rules may constitute a waiver.[8]

The case before us poses two questions. The first is whether a defendant in a landlord-tenant case who fails to observe the rule of court, is nevertheless entitled as of right to a jury trial unless it appears that he consciously intended to forego such trial. We think the answer is no. To hold otherwise would be to reduce the enforcement of clear and reasonable rules of court to an inquiry into the mental processes of non-observing parties. If the rule be clear, reasonable and known, a party failing to observe it must abide the result of his violation. In no other way can the courts function effectively. This is not to say that if a party shows more than mere failure to observe the rule, his right may not be preserved. There may be cases where there is adequate effort to comply but uncontrollable circumstances prevent compliance. We do not consider such possibilities, because we do not have one before us. We hold that if a party fails to observe the conditions of this clear and reasonable rule of court, it is not necessary, in order to apply the consequences of the rule to him, to show that he consciously intended to incur those consequences.

The second question in the case concerns the considerations which should control the court in the exercise of its power to grant a jury trial after the parties have foregone their rights to demand one. One view is that unless the court finds that a jury trial would prejudice the plaintiff, it must grant the defendant's demand or motion for such trial. The other view is that the court may consider and act upon any and all pertinent factors in the case, including particularly the nature of the issues presented by the pleadings and the general orderly disposition of the court's business. We think that the latter is the correct rule.

We are told that the right to trial by jury is one of the basic rights which

[5] See note 3, supra.

[6] Fidelity & Deposit Co. v. United States, 1902, 187 U.S. 315, 320, 23 S.Ct. 120, 47 L.Ed. 194; Capital Traction Co. v. Hof, 1899, 174 U.S. 1, 13, 19 S.Ct. 580, 43 L.Ed. 873; Bank of Columbia v. Okely, 1819, 4 Wheat. 235, 244, 4 L.Ed. 559.

[7] Duignan v. United States, 1927, 274 U.S. 195, 198, 47 S.Ct. 566, 71 L.Ed. 996; · Bank of Columbia v. Okely, supra note 6; Kennedy v. David, 1940, 71 App. D.C. 340, 109 F.2d 676; Prince Line v. American Paper Exports, 2 Cir., 1932, 55 F.2d 1053, 1056.

[8] Yakus v. United States, 1944, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834, and cases there cited; Doyne v. Werner, 1918, 48 App.D.C. 254; In re Hitchcock, 1918, 47 App.D.C. 251.

must be jealously guarded. That is certainly true,[9] but it is also true that those rights can be effectively destroyed by many conditions other than outright repudiation.[10] Incapacity of the courts to adjudicate controversies would be such a condition. So that observance of reasonable rules for the conduct of the business of the courts is not a mere technicality but may be part of the major business of preserving the basic rights of people who must come to the courts. The case before us cannot be considered as though there were on the one side a technical rule of court requiring a given action on a given day, and on the other side the fundamental right of trial by jury. The preservation of the latter may well involve the observance of the former.

The rule here in question is of importance in the administration of justice in the Landlord and Tenant Branch of the Municipal Court. Hundreds of cases are filed in that Branch, and there are hundreds of demands for jury trials.[11] Delay in the disposition of these cases is a major problem in the work of that court. The difficulty is aggravated if the parties are permitted to ignore the rules and to demand and receive jury trials when the cases are ready for trial without a jury. There is a delay inherent in so great a number of cases for non-jury trial, and a still greater delay in so great a number of jury trials. If a party could let his case await the trial day as a non-jury case, and then shift it to the bottom of the jury assignment for trial, thus taking advantage of another delay, he would thereby be permitted to postpone judgment far beyond the necessities of the situation. It is obvious that delay in judgment is commonly a desired objective of defendants in actions to recover possession of real property, particularly where there is no defense on the merits.

It is perfectly well known that much ef-fort of some parties and counsel, especially in small claims and in landlord and tenant matters, is devoted to avoiding rather than to obtaining justice. Justice itself is substantive, but the administration of justice is in large part procedural. Delay, confusion and uncertainty are effective obstacles to that administration. Adherence to reasonable rules of procedure is among the most effective means of achieving efficient administration.

■ The effect of this Rule 7(a) upon a non-complying defendant has been before this court in two prior cases, Barrett v. Sterrett Operating Service [12] and Kennedy v. David.[13] In the former case, a demand for jury trial was filed a few minutes after the hour named in the summons. The trial court struck the demand. This court reversed, saying:

"* * * it is going entirely too far to hold that the rule is so far mandatory that the court is without discretion; for good and sufficient reasons, to modify it when a modification will not result in unreasonable delay or prejudice the rights of the opposite party."

The court further commented that it was "perfectly clear that the granting of the motion for jury trial would not have interfered with the orderly disposition of the court's docket or have deprived the opposing litigant of any rights." In the later case, Kennedy v. David, the demand for jury trial was made more than a month after the return date. The trial court sustained an objection to the demand, and this court affirmed. We there referred to Barrett v. Sterrett Operating Service, and to the comments above quoted, and said [71 App.D.C. 340, 109 F.2d 677]:

"A few minutes delay, during which no substantial action is taken by the court or the opposing litigant, is one thing; a delay of more than a month, during which the

---

[9] Aetna Ins. Co. v. Kennedy, 1937, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177; Hodges v. Easton, 1882, 106 U.S. 408, 412, 1 S.Ct. 307, 27 L.Ed. 169, 171.

[10] American Mills Co. v. American Surety Co., 1922, 260 U.S. 360, 43 S.Ct. 149, 67 L.Ed. 306; Rust Engineering Co. v. Lehigh Structural Steel Co., 1935, 65 App.D.C. 77, 78, 79 F.2d 830; Prince Line v. American Paper Exports, supra note 7.

[11] 564 such demands in the fiscal year ended June 30, 1944. Bell v. Westbrook, D.C.Mun.Ct.1946, 74 Washington Law Reporter 1171, 1174.

[12] 1936, 66 App.D.C. 321, 87 F.2d 224.

[13] Supra note 7.

case is set for trial on the non-jury docket and the opposing litigant presumably prepares his case on that basis, is a very different thing."

Reexamination of the problem reveals nothing which inclines us to question the decisions in those cases. However, if certain language in the opinion in the Barrett case intimates that the trial court, in acting upon a late motion by a non-observing party, is restricted to a consideration of whether prejudice to the opposing party would result, that language is overruled. ■ Two cases in the Municipal Court of Appeals are cited to us,[14] but we find neither decision in conflict with the view which we here express. In the former of those cases, the question was whether the trial court had power to grant a jury trial after the rule as to the demand had been violated. The Municipal Court of Appeals held that the grant of such trial was not reversible error. In the latter case, the court held that while the trial court had discretion, it had abused that power in denying jury trial in that case. The defendant there had clearly misunderstood what the trial court had meant when it extended "until the next day" the time within which he should file his demand. The defendant filed during the course of the next day, but the trial court held him in default because he did not act at the call of the calendar on the morning of that day.

The recurrence of the problem makes advisable a clear and certain statement of the applicable rule. We hold that when a party has failed to comply with the requirements of the Rule in respect to demands for jury trial, and thereafter appeals to the court to grant such trial, the matter lies within the sound discretion of the court. In exercising that discretion, the court may consider all elements pertinent to the interests of both parties and also to the general conduct of the business of the court. The sole exception, if any, to this general rule should be, as we have indicated, the case where uncontrollable circumstances prevent compliance with the terms of the Rule; there the right may perhaps be preserved.

■ Our present holding is consistent with our decision and opinion in May v. Melvin,[15] where the same question was before us under Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The trial judge rendered no formal opinion in the case at bar upon the motion of the defendant for jury trial. His remarks, as shown on the stenographic record, were merely that upon hearing the motion he found nothing "which made it especially advisable to have a jury trial"; "that there are no special circumstances brought out here which indicate that a jury trial would be preferable, or why there were special reasons for allowing a jury trial." In a later case,[16] when the same question was before the same judge, he rendered an exhaustive opinion, in which he recited his course of action in this case. He there said that in the case now before us he had "made a full inquiry into the issues and the prospective evidence and had determined in consequence that the genuine defenses turned entirely on questions of law, that those involving questions of fact were insubstantial, that a jury trial was being sought primarily for purposes of delay, and that nothing had been shown 'which made it especially advisable to have a jury trial.' " While we cannot consider that opinion as part of the record in the present case, we can consider it as a statement of the court's understanding of the law upon the point. We think that that understanding was correct. We do not find that the trial judge abused his discretion in denying trial by jury when he found no circumstances indicating the advisability of such trial in the interest of justice. Particularly, we find no abuse of discretion in his refusal to be limited to a determination of conscious intent on the part of the non-observing defendant and to the presence or absence of prejudice to the plaintiff.

---

[14] Daly v. Scala, 39 A.2d 478 (1944); Barnes v. Conner, 44 A.2d 925 (1945).

[15] 1944, 78 U.S.App.D.C. 368, 141 F.2d 22; see also McNabb v. Kansas City Life Ins. Co., 8 Cir., 1943, 139 F.2d 591.

[16] Bell v. Westbrook, supra note 11.

▆▆ Some reference to "excusable neglect" on the part of the defendant is made in the opinions of the courts below. We are of the view that "excusable neglect" is not a factor in fixing the applicability of a rule of court which makes no reference to such neglect. Such a rule either applies or it does not apply. Obviously, excusable neglect is a consideration, and perhaps a powerful one, when application is made to the court for the exercise of its discretion. But that is a totally different matter from "excusable neglect" as a preservative of rights forfeited by non-compliance with reasonable rules of court.[17] Uncontrollable circumstances preventing compliance might perhaps preserve the right, but neglect, whether excusable or not, cannot.

The judgment of the Municipal Court of Appeals is reversed and the case remanded to that court for disposition in accordance with this opinion.

Reversed and remanded.

---

[17] Compare Wilson & Co. v. Ward, D. C., 1941, 1 F.R.D. 691.