## POOLE v. HURLBERT.

### No. 786.

Municipal Court of Appeals for the District of Columbia.

Argued June 1, 1949.

Decided June 21, 1949.

Rehearing Denied July 6, 1949.

I. H. Halpern, Washington, D. C., for appellant.

S. Albert Mickler, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant and her husband were defendants in an action for possession of real estate. By consent of the husband judgment was entered against him. The wife contested the action and has appealed from judgment against her.

On April 9, after an extension of time had been granted, appellant filed a paper entitled "Brief for Appellant." On April 22 appellee filed a motion stating he had received no copy of appellant's brief although he had learned from the Clerk of Court that such brief had been filed on April 9. On April 28 appellant, replying to the motion, stated that through inadvertence copy of the brief had not been mailed to appellee but that a copy would be furnished him. Presumably this was done.

The "Brief for Appellant" sets forth twenty-two alleged errors occurring at trial, but contains no statement of the case with references to the transcript of record and no argument in support of the claims of error as required by our Rule 35 (3) and (5). To even attempt to understand the errors assigned would require searching through the two hundred page transcript of record. The so-called brief is no brief at all. It merely repeats the assignments of error already contained in the record.

Appellee has moved to dismiss the appeal under our Rule 40(h) which provides: "When a case is reached on regular call and no brief has been filed for the appellant, the court at the instance of the adverse party or on its own motion may have the appellant called and case dismissed, or make such other order as may be just." When the case was reached on regular call on June 1 no one appeared for appellant.

Appellee's counsel appeared and argued the motion. He did not argue the merits because there was nothing for him to answer. After the hearing appellant filed an answer to the motion, having annexed to it what is described as the "missing parts of the Brief" and stating that through inadvertence these missing parts were not filed. They consist of a complete eighteen page brief containing subject index, table of cases, statement of the case and argument. No explanation is given why such a brief was not filed in proper time, and the mere filing of it cannot change the fact that when the case was regularly called no brief for appellant had then been filed and no extension of time therefor had been requested. The motion to dismiss must be granted.

Appeal dismissed.