**PHUCAS et al. v. WASHINGTON–VIRGINIA–MARYLAND COACH CO. et al.**

No. 948.

Municipal Court of Appeals for the District of Columbia.

Submitted Sept. 25, 1950.

Decided Oct. 17, 1950.

I. H. Halpern, Washington, D. C., for appellants.

Richard W. Galiher and William E. Stewart, Jr., Washington D. C., for appellees.

William H. Clarke, Washington, D. C., also entered an appearance for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

The record on this appeal was filed in this court on July 19. Under our rule 27($l$) appellants' brief was required to be filed twenty days thereafter, i. e., on August 8. On August 8 appellants' counsel moved that the time be extended to August 16, stating that he had been busy with other cases. This motion was granted. On August 16 counsel moved that the time be further extended to September 23, stating that he had been busy in the trial of cases and that he was "working during the summer on a limited or short work week due to the prevalence of untimely deaths among his contemporaries." We granted this motion in part, extending the time to September 5 and notifying counsel that no further extension would be granted.

On September 5 appellants' brief, consisting of three pages, was filed. On September 13 appellees moved to dismiss the appeal on the ground that the brief failed to comply with our rules. On September 19 appellants filed an opposition to the motion, stating that "there are pages missing from the Brief and that it was due to advertence [sic]." On September 20 appellants moved to add pages to their brief, stating that the tendered pages "were inad-

60

vertently omitted from the brief." The tendered pages were twelve in number.

■ It is clear that the so-called brief filed September 5 in no manner complied with our rule 35 which prescribes the contents of an appellant's brief. As stated before, it consisted of three pages. The first page contained an obviously incomplete statement of the case; the second page set forth seven claims of error; and the third page contained some general statements under the heading "Conclusion." There was no index, no citation of authorities, and no argument. Such a document is not entitled to be called a brief and would be worthless as an aid in ascertaining or deciding the merits of the appeal. Under very similar circumstances we dismissed an appeal in Poole v. Hurlbert, D. C. Mun. App., 67 A.2d 266. This appeal must likewise be dismissed unless we permit the filing of the additional pages of the brief.

■ These additional pages contain a subject index, a table of cases and authorities, seven pages of statement of the case and four pages of argument. In view of the importance of this material, as well as its bulk, it is inconceivable that it could have been inadvertently omitted from the brief. Counsel for appellants has given us no explanation of how this inadvertence could have occurred. We are forced to the conclusion that counsel, after receiving two extensions of time totaling twenty-eight days, simply failed to comply with the rules and order of this court.

■ In previous opinions we have said that the purpose of our rules is the orderly and prompt disposition of appeals, that rules are not made for the convenience of the court but for the benefit of litigants and counsel who have a right to rely on them and ought to comply with them;[1] and that we cannot condone either willful or negligent disregard of court rules or orders.[2]

The motion to add pages to appellants' brief is denied. The motion to dismiss the appeal is granted.

Appeal dismissed.

---

[1]. Cunningham v. Dade, D.C.Mun.App., 52 A.2d 894.

[2]. Barnes v. Conner, D.C.Mun.App., 44 A. 2d 925.