Noel HIOTIS, et al., Plaintiffs,

v.

SHERMAN DISTRIBUTORS OF MARYLAND, INC., et al., Defendants.

Civ. A. No. 84–0890.

United States District Court, District of Columbia.

Sept. 21, 1984.

---

**3.** The question regarding Bethlehem's right to diminish or to terminate a pensioner's life insurance benefits merely had been tangentially raised during the prior proceedings and the evidentiary hearing before this Court.

Allen M. Hutter, Washington, D.C., for plaintiffs.

Walter J. Smith, Jr., Anna C. Thode, Washington, D.C., for defendants.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

This is a diversity suit arising out of a products liability claim. Plaintiffs allege that a pressure cooker malfunctioned, injuring plaintiff Noel Hiotis and that as a result of those injuries, plaintiff-spouse Anastasios Hiotis has been deprived of his wife's services, society and consortium, and the minor plaintiffs Gus and Pete Hiotis have been deprived of their mother's parental society and services. Plaintiffs name as defendants Sherman Distributors of Maryland, Inc., a retailer that conducts business under the name "Kitchen Bazaar"; T–Fal Corporation, the distributor; and SEB, a French corporation that manufactures kitchen appliances. The case is currently before the Court on plaintiffs' motion for jury trial.

The complaint in this case was filed by counsel for the plaintiffs on March 21, 1984, and upon oral representation by counsel was stamped as containing a jury demand. However, counsel was not aware that the language containing the jury demand which had been included in all prior drafts of the complaint was inadvertently omitted from the final version of the complaint. This error was not discovered by counsel for the plaintiffs until the first status conference before the court on June 22, 1984, when the case was scheduled for trial on December 10, 1984. It was only when counsel for defendants informed the court that they had not been served with a jury demand that counsel for plaintiffs discovered the omission. Subsequently, on June 27, 1984, more than three months after the complaint was filed, plaintiff filed the instant motion for trial by jury of twelve.

■■■ The Seventh Amendment to the Constitution guarantees the right to a trial by jury in "suits at common law, where the value in controversy shall exceed twenty dollars...." *See Pernell .v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974). It has been universally recognized, however, that the right to a jury trial may be waived. The waiver need not be knowing and intelligent in order to be effective; the right may be waived by the mere "failure to comply with reasonable rules," even if that failure is unintentional. "If the rule be clear, reasonable and known, a party failing to observe. it must abide the result of his violation." *Kass v. Baskin*, 164 F.2d 513, 515 (D.C.Cir. 1947); *see* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321 (1971).

■■■ Rule 38(b) of the Federal Rules of Civil Procedure requires that a proper jury demand must be made no later than ten days after the filing of the final pleadings. Under Rule 38(d), the failure to serve and file a timely jury demand constitutes a waiver of the Seventh Amendment right.

■■■ Clearly, a jury demand was not timely served and filed in the instant case.

However, Fed.R.Civ.P. 39(b) makes clear that a Rule 38(d) waiver is not absolute. Rule 39(b) provides that notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

■■■ It is well established that a district court should grant a Rule 39(b) motion "in the absence of strong and compelling reasons to the contrary." A motion for trial by jury submitted under Rule 39(b) should be favorably considered unless there are persuasive reasons to deny it. *Pinemont Bank v. Belk*, 722 F.2d 232 (5th Cir.1984). In deciding whether to grant an untimely jury demand, the court may consider all elements pertinent to the intersts of both parties, including the nature of the issues presented, the disruption of the court's schedule, prejudice to the opposing party, and the reasons for the tardiness in requesting a jury trial. *Kass v. Baskin, supra.*

■■■ The particular factual situation presented in this case appears to have presented no persuasive reasons to deny the 39(b) motion. This is a personal injury case, a class of cases which is traditionally tried by a jury. In addition, the trial in this case is not until December 10, 1984, which is almost three months away. Scheduling the case for jury trial at this point would not disrupt the court's schedule. Moreover, the parties to this action are still in the discovery stages so that granting the motion at this point will not prejudice the defendant. Although counsel for the plaintiff admits that inadvertence on his part was the reason for the delay in making a proper and timely demand for jury trial, the court finds that this inadvertence was not the result of careless neglect. Further, the instant motion was filed on June 27, 1984, just five days after counsel for the plaintiff discovered the omission and five and a half months prior to the scheduled trial date.

For all of the foregoing reasons, the court finds that this case presents a situa-

tion justifying relief under Rule 39(b). An Order consistent with this Memorandum Opinion will be entered on this date.

## ORDER

Upon consideration of the motion of the plaintiffs for jury trial, the opposition, the entire record, and consistent with the reasons set forth in the accompanying Memorandum Opinion, it is this 20th day of September, 1984,

ORDERED that plaintiffs' motion for jury trial be, and hereby is, granted.