**KENILWORTH TRASH CO., INC., Plaintiff,**

v.

**EASTERN WASTE INDUSTRIES, INC., Defendant.**

**Civ. A. No. 90–0705 DAR.**

United States District Court, District of Columbia.

Nov. 6, 1991.

Nunc Pro Tunc Oct. 15, 1991.

---

William Joseph Selle, Blumenthal, Wayson, Offutt, Klos & Delavan, Annapolis, Md., for Eastern Waste, Ind.

Joseph L. Gibson, Suitland, Md., for Kenilworth Trash Co.

## MEMORANDUM OPINION

DEBORAH A. ROBINSON, United States Magistrate Judge.

This breach of contract action was referred to the undersigned United States Magistrate Judge for all purposes. Plaintiff, in its complaint, alleges that the parties entered into an agreement that defendant would purchase all of the assets of the plaintiff. The original complaint, filed with the Clerk of the Court, contained a handwritten demand for a jury trial below plaintiff's counsel's signature.[1] At the pretrial conference before the undersigned on August 29, 1991, counsel for defendant indicated that he had no notice of the demand because neither the summons nor the complaint served upon the defendant contained a jury demand. After the pretrial conference, defendant filed a written motion to strike plaintiff's demand for a jury trial for failure to serve the demand. Defendant, in support of its motion, relies solely upon

1. A jury demand "may be indorsed upon a pleading of the party." Fed.R.Civ.P. 38(b).

2. Defendant's Motion to Strike Jury Demand was filed in September, 1991; at that time, the trial was scheduled to commence on October 28, 1991.

3. Plaintiff contends, and defendant does not dispute, that its demand for a jury trial was timely. Plaintiff's Memorandum of Points and Authorities Submitted in Opposition to the Motion of the Defendant to Strike Demand for Jury Trial at 2; see Defendant's Reply at 1.

4. While plaintiff has not filed a written motion for a jury trial, plaintiff's counsel, at the pretrial

Fed.R.Civ.P. 38(b), which requires that a demand for a jury trial be made by "serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Motion to Strike Jury Demand at 2. Defendant maintains that plaintiff's failure to serve the jury demand constitutes a waiver of trial by jury, in accordance with Fed.R.Civ.P. 38(d). *Id.* Only in response to plaintiff's opposition to the motion to strike does defendant contend that it would be prejudiced by a denial of its motion; in support of that contention, it avers only that it "will be prejudiced if it is required to, at this late date, revamp the preparation and presentation of the case to fit the needs and particularities of a jury trial."[2] Defendant's Reply to Plaintiff's Memorandum of Points and Authorities Submitted in Opposition to the Motion of the Defendant to Strike Demand for Jury Trial (hereinafter "Defendant's Reply") at 2.

No reported authority addresses the precise issue presented here: whether trial by jury is waived where, as here, a party endorsed a jury demand upon the original of its pleading, but did not include the endorsement on the copy of the pleading served upon the opponent.[3] However, this Court has recognized that a waiver of jury trial in accordance with Fed.R.Civ.P. 38(d) for non-compliance with Fed.R.Civ.P. 38(b) is not absolute, and that the court, in its discretion, may, upon motion, order a trial by jury of any or all issues.[4] *The Timberland Co. v. Sanchez,* Civil Action No. 89-2975, 1990 U.S. Dist. LEXIS 13030, at *3 (D.D.C. September 27, 1990); *Hiotis v.*

conference, orally confirmed its jury demand made by the handwritten endorsement on its complaint. *See* n. 1 *supra,* and accompanying text. Additionally, in its written opposition to defendant's Motion to Strike Jury Demand, plaintiff includes the points and authorities on which it relies in support of its contention that trial by jury should be allowed. *See* Local Rule 108(a) ("[e]ach motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion[.]" Accordingly, to the extent that Fed.R.Civ.P. 39(b) may be read to impose a requirement that a party which did not comply with Fed.R.Civ.P. 38(b) file a motion for a jury trial, the court will treat the oral request and written memorandum as an appropriate motion.

*Sherman Distributors of Maryland, Inc.,* 607 F.Supp. 217, 219 (D.D.C.1984); *see* Fed. R.Civ.P. 39(b). It is well settled that a motion for a jury trial should be granted "in the absence of strong and compelling reasons to the contrary." *Hiotis v. Sherman Distributors of Maryland, Inc.,* 607 F.Supp. at 219 (citations omitted). In exercising its discretion, the court may consider "all elements pertinent to the interests of both parties, including the nature of the issues presented, the disruption of the court's schedule, prejudice to the opposing party, and the reasons for the tardiness in requesting a jury trial." *The Timberland Co. v. Sanchez,* 1990 U.S. Dist. LEXIS 13030 at *5; *Hiotis v. Sherman Distributors of Maryland, Inc.,* 607 F.Supp. at 219; (both citing *Kass v. Baskin,* 164 F.2d 513, 515 (D.C.Cir.1947).

Applying these considerations to the facts presented here, the court cannot find "strong and compelling reasons" to deny plaintiff's jury demand. First, this action is based upon a two-count complaint, the first which alleges breach of a single contract and the second, breach of fiduciary duty and conversion with respect to the same contract. The issues are thus "quite appropriate for jury resolution." *See Tavoulareas v. Piro,* 93 F.R.D. 11, 15 (D.D.C.1981); *cf. Hiotis v. Sherman Distributors of Maryland, Inc.,* 607 F.Supp. at 219 (case "of a class of cases which is traditionally tried by a jury.").

Second, permitting a jury trial to proceed would not disrupt the court's schedule. An October trial date was initially set; to accommodate defendant's concern that it could not, by the October date, "revamp the preparation and presentation of the case to fit the needs and particularities of a jury trial[,]" Defendant's Reply at 2, the court continued the trial to December 4, 1991.[5]

Third, defendant has not demonstrated that it would be prejudiced by a jury trial, or even alleged how such prejudice would

occur. Defendant maintains simply that it "will be prejudiced" if it is required "at this late date" to prepare for a jury trial, Defendant's Reply at 2; however, unlike the party opposing a motion for jury trial which was ultimately denied, defendant here makes no representation that specific methods of preparation—for example, the taking of certain depositions—were foregone in the belief that the case would be trial by the court rather than a jury. *See The Timberland Co. v. Sanchez,* 1990 U.S. Dist. LEXIS 13030 at *7.

With respect to the final element, plaintiff offers only that its jury demand was apparently not served upon defendant "for reasons unknown...." Plaintiff's Opposition at 3. However, given plaintiff's endorsement of a jury demand on the original complaint, as well as the lack of any representations by defendant from which the court could find that plaintiff acted in bad faith, the court cannot find that plaintiff's failure to serve the demand upon defendant constituted inexcusable neglect.

For the foregoing reasons, the court finds that it may appropriately exercise its discretion to permit a jury trial to proceed. An order consistent with this Memorandum Opinion will be entered on this date.

5. *See* n. 2, *supra.* In early October, a member of the court's staff advised counsel for the parties of the continuance and of the possibility that defendant's Motion to Strike Jury Demand

would be denied. Apparently anticipating such a ruling, defendant submitted its proposed *voir dire* on October 10, 1991.